BLANCHE, Judge.
This is a suit for a declaratory judgment brought by the Attorney General on behalf of the surviving widow and children of Delmar Eugene Stone under the provisions of Louisiana Constitution Article XIV, Section 15.2, which provides for financial death benefits to the surviving spouse and children of law enforcement officers in certain cases:
“Section 15.2 A. It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of law enforcement officers where such officers *863 suffer death from physical violence while engaged in the direct apprehension of a person during the course of the performance of their duties.
* * * * * *
“C. In any case in which a law enforcement officer, as defined by this section, suffers death as a result of physical violence while engaged in the direct apprehension of a person during the course of the performance of his duties as such law enforcement officer, the legislature shall appropriate the sum of ten thousand dollars, which shall be paid to the surviving spouse of such law enforcement officer, and in addition thereto, should such law enforcement officer be survived by minor children, the legislature shall appropriate the sum of five thousand dollars for each of said minor children, which sum shall be paid to the duly appointed and qualified tutor or other legal representative of said child. * * * ” (Emphasis ours.)
It is not disputed that Delmar Eugene Stone at the time of his death was a law enforcement officer and was in the course of performing his duties or that plaintiffs are his survivors within the meaning of Section 15.2.
However, the trial judge found that Officer Stone did not die “as a result of physical violence while engaged in the direct apprehension of a person” within the meaning and intent of that section and denied recovery. For reasons hereinafter stated, we affirm that judgment.
The interpretation of the scope of that quoted language is the basis of the plaintiffs’ appeal, inasmuch as the facts surrounding Officer Stone’s death are not seriously disputed. On the date of his death, June 26, 1968, Stone and another officer of the New Orleans Police Department, Lawrence F. Pridgen, were on motorcycle duty on a divided boulevard, St. Charles Avenue, in the City of New Orleans. Just after they had issued citations to two traffic offenders, Stone noticed a Schlitz beer truck proceeding along St. Charles Avenue. At that point, trucks were prohibited by a New Orleans ordinance from using. St. Charles Avenue except when, for purposes of making a delivery stop, it would be necessary to use that route. Officer Stone advised Pridgen that he was going after the beer truck. He overtook the truck and was pulling along its left side when the truck edged or drifted slightly to the left. As Stone made a corresponding move to the left, his motorcycle hit the curb of the neutral ground causing him to lose control and fall. In the process, he was thrown under the moving truck and crushed to death.
There is no evidence that the truck was speeding. The sole reason for Stone’s pursuit was to determine whether the truck was within the delivery route exception of the ordinance or was in violation thereof, in which case he apparently intended to issue a citation. It was not proved that the truck driver was ever aware that Stone was pursuing him or even behind him. The eyewitnesses were in conflict as to the relative position of the motorcycle and the side of the truck at the time of the accident, but the witness with the best view and perspective testified that Stone never was even with the cab of the truck and at most had only reached the mid-point of the left side.
Plaintiffs urge that pursuit of a possible traffic offender and death resulting in the manner described above satisfy the requirements of “death as a result of physical violence while engaged in the direct apprehension of a person.”
The defendant contends that death by such accidental means is not contemplated by Section 15.2, relying primarily on the apparent legislative intent, indicated by the progress of the bill through the legisla *864 ture and on factors surrounding the proposal and adoption of the law. These are factors which may be considered in construing a law when its scope and meaning are in doubt. State v. Maloney, 115 La. 498, 39 So. 539 (1905); State ex rel. New Orleans Pac. Ry. Co. v. Nicholls, 30 La.Ann. 980 (1878).
On November 13, 1963, Deputy Charles Hurt of the East Baton Rouge Parish Sheriff’s Office died of gunshot wounds inflicted as he attempted to arrest an armed suspect. At the next regular session of the legislature, the Representatives of East Baton Rouge Parish co-authored House Bill No. 1227, a joint resolution, which was ultimately passed as Acts 1964, No. 533, and adopted by the people as Section 15.2. The original bill introduced provided benefits to the survivors of officers who suffered death “from violence or accidental means.” However, by House Committee amendments that broad language was deleted and replaced by the present, more restrictive language, “death as a result of physical violence while engaged in the direct apprehension of a person.”
In the light of this background information, the trial judge reluctantly concluded that the constitutional provision in question could not be broadly interpreted to cover the accidental death of Officer Stone. Even if it were conceded that Officer Stone was engaged in the direct apprehension of a person, and assuming further that these pertinent elements may be defined and applied separately rather than interdependently, his death was not the result of physical violence within the scope and meaning of Section 15.2. We, therefore, must affirm the judgment of the lower court denying recovery to the widow and children of Delmar E. Stone. The costs of this appeal, to the extent authorized by law, are to be borne by the plaintiffs-appellants.
Affirmed.