336 So.2d 306 (1976)
The BOARD OF TRUSTEES OF the EAST BATON ROUGE MORTGAGE FINANCE AUTHORITY, Acting as the Governing Body of Said Authority
v.
ALL TAXPAYERS et al., etc.
No. 10785.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
*307 Steve E. Hicks, Baton Rouge, for plaintiff-appellant-appellee.
John E. Seago, Baton Rouge, for defendant-appellee Allie P. Landry, III.
Jonathan C. Harris, pro se, defendant intervenor, appellant-appellee, Baton Rouge.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
The Board of Trustees of the East Baton Rouge Mortgage Finance Authority, Acting as the Governing Body of Said Authority, (Authority) appeals from judgment dismissing its action, brought pursuant to La.R.S. 13:5121-5130 (Act No. 385 of 1972), to establish the validity of $1,000,000.00 in bonds which Authority proposes to issue as an alleged governmental unit. Appeal was also taken by Jonathan C. Harris (Intervenor), as a named defendant, from the trial court's judgment decreeing Authority to be a legally created body fulfilling a valid public purpose as a public trust and decreeing further that Ordinance Number 4327 of the East Baton Rouge Parish Council (Council), adopted August 14, 1974, is valid and constitutional.
We affirm the trial court's dismissal of Authority's suit for reasons different than those found by the lower court and reverse that part of the trial court's judgment granting declaratory relief in favor of Authority.
This action was brought by motion for judgment filed by Authority on May 28, 1975 pursuant to the procedure for determining the validity of bonds issued by governmental units under the provisions of La. R.S. 13:5121-5130 (Bond Validation Law). Authority's motion for judgment alleges Authority to be the governing body of a public trust duly created in conformity with the provisions of La.R.S. 9:2341-2347 (Public Trust Act, as enacted by Act 135 of 1970), by execution of the Indenture of Trust, on August 14, 1974, by Royal American Corporation, as Grantor or Settlor, and seven named individuals as Trustees. On *308 the same day the Council, as governing authority of East Baton Rouge Parish (Parish) adopted Ordinance Number 4327 accepting beneficial interest in the public trust entitled "East Baton Rouge Mortgage Finance Authority" thereby constituting and establishing the Council and Parish as beneficiary of the trust, all in accordance with the provisions of Public Trust Act, particularly La.R.S. 9:2342. Several weeks thereafter, the Mayor-President, as chief executive officer of the Parish, signed the acceptance of beneficial interest in the Authority as created by the Indenture.
Authority's motion for judgment also alleges that Authority is the governing body of a governmental unit, as the term is defined in La.R.S. 13:5121, and as such brings this action against all tax-payers, property-owners and citizens of the Parish, including non-residents owning property or subject to taxation therein, and all other persons interested in or in any way affected by the issuance of Authority's Mortgage Finance Bonds, 1975 Series A (Bonds), in the aggregate principal sum of $1,000,000.00, to establish the validity of all proceedings taken in connection with the issuance and authorization of the bonds, and also to establish the principle that the interest income received by holders of the Bonds is exempt from state income taxation.
The motion for judgment further alleges that Authority was created for the public purpose of expanding the supply of funds available in the Parish for new mortgage loans, thereby promoting the welfare of Parish residents by providing funds for their acquisition of residential properties, thus stimulating home ownership and the economy of the Parish. Authority asserts its intent to make funds available to lenders for the financing of homes for credit-worthy persons and families of low and moderate income, to alleviate the shortage of adequate housing for such persons and families in the Parish. Next, Authority avers its purpose to seek effective participation in its program by lenders on terms which restrict the financial return and benefit of lenders to the extent necessary and reasonable to induce lender participation.
To fulfill the foregoing purposes, Authority alleges its right and power to issue Bonds pursuant to the Indenture agreement to provide financing for Authority's objective, which Bonds are obligations of Authority payable out of funds, assets or revenues of Authority and which Bonds cannot in any event constitute obligations of the State or Parish or be secured by pledge of the credit or taxing power of the State or Parish.
Authority avows its aim, pursuant to the Indenture, to issue bonds in the sum of $1,000,000.00, in denominations of $5,000.00 dated February 1, 1975, bearing interest at 7% per annum, payable February 1 and August 1 of each year, the interest on which is allegedly exempt from state income taxation. It is also asserted that Authority has confected binding contracts with lenders in the aggregate of $900,000.00, which agreements are to be funded from the proceeds of the Bonds.
The foregoing allegations are followed by Authority's request that the trial court order publication of the motion in accordance with the provisions of La.R.S. 13:5124 and, after due hearing, render judgment declaring that the Bonds would be valid and legally binding obligations of Authority when issued, that all legal requirements and proceedings have been met to empower Authority to execute and deliver the Bonds and that the interest to be paid holders of the Bonds would be exempt from state income taxes.
On May 28, 1975 the trial court entered the requested order for publication and fixed the matter for hearing on June 11, 1975. Before the scheduled hearing date, Allie P. Landry, III (Defendant), asserting a substantial interest in the action predicated on his being a resident and taxpayer of the Parish, answered the action by way of a general denial. Defendant's answer raises numerous procedural and constitutional issues, none of which pertain to the issue upon which we decide this matter, namely, *309 that Authority has no right of action in that Authority does not come within the class of litigants entitled to proceed under the Bond Validation Law.
By a joint stipulation entered of record on July 11, 1975, Authority and Defendant stipulated that Authority is a duly created public trust within the terms of La.R.S. 9:2341-2347, and a governmental unit as defined in La.R.S. 13:5121(2). Additionally, the stipulation contains acknowledgments which in effect concede the veracity of all averments of Authority's motion. On July 23, 1975, the matter was taken under advisement by the trial court, after submission of memoranda of authorities by Authority and Defendant.
On September 19, 1975, while the matter was still under advisement, Intervenor attempted to intervene in the suit, alleging himself to be a member of defendant class specified in La.R.S. 13:5124. Intervenor raised numerous exceptions to Authority's action, including an exception of no right of action on the ground that Authority is not a "governmental unit" as defined in the Bond Validation Law (La.R.S. 13:5121 et seq.). On this basis Intervenor contends that Authority is not within the class of litigants authorized to proceed under the Bond Validation Law. On September 19, 1975, the trial court denied Intervenor's petition of intervention on the ground that the intervention was untimely filed. However, on September 25, 1975, the trial court granted Intervenor's oral motion to be enrolled as a party defendant in this matter.
Judgment was rendered by the trial court on January 14, 1976, decreeing Authority a legally created body and declaring Parish Ordinance Number 4327, adopted August 14, 1974, constitutional and valid. However, the decree rejected with prejudice Authority's prayer for validation of the proposed bond issue. On January 23, 1976, the trial court amended its judgment to decree Authority a legally created body fulfilling a valid public purpose while performing an authorized and public function of its beneficiary, the Parish, and to declare Parish Ordinance Number 4327, adopted August 14, 1975, constitutional and valid.
From the foregoing judgments Intervenor appealed devolutively and Authority appealed suspensively. In this court Intervenor, as a member of the defendant class named in Authority's motion, filed the following peremptory exceptions: (1) No right of action on the ground that Authority is not a governmental unit within the definition of that term as contained in La.R.S. 13:5121; (2) No cause of action because of the failure of Authority's motion to assert consent and approval of the State Bond Commission for the issuance of the Bonds, despite Authority's allegation that Authority is a governmental unit; (3) No cause of action on the ground that Authority fails to allege facts which establish Authority as a political subdivision or a non-profit corporation created or governed by a duly constituted political authority, as required by the Bond Validation Law, but rather that Authority's pleadings and attachments reveal Authority to be a private enterprise; and (4) Lack of an indispensable party in that the State of Louisiana was not joined to contest the alleged non-taxability of bond interest for state income tax purposes.
In this court, Authority moved to dismiss Intervenor's appeal on grounds that Intervenor had no standing to appeal because Intervenor failed to timely answer Authority's action as provided by La.R.S. 13:5126 and also because the petition of intervention was rejected by the court below. By judgment rendered March 12, 1976, we denied Authority's motion to dismiss the appeal of Jonathan C. Harris in its entirety. See La.App., 336 So.2d 303. In effect we dismissed Harris's appeal as Intervenor but maintained his appeal as a named defendant. In oral argument before this court, Harris concedes his petition of intervention was properly dismissed by the trial court. As noted in our disposition of the motion to dismiss Harris's appeal, Harris has the right to appeal as a party defendant.
Authority contends that the trial court erred in holding that the Bonds proposed to *310 be issued by Authority are invalid without prior consent and approval of the Commission for the issuance of the Bonds pursuant to La.Const.1974, Art. VII, Sec. 8(B). Harris's appeal is predicated on the peremptory exceptions filed in this court and further challenges the validity of the trial court's modification of the judgment originally rendered below. Since we find the exception of no right of action well founded, we pretermit consideration of all other issues raised herein.
The Bond Validation Law's announced intent is to establish an equitable and expeditious procedure for obtaining judicial validation of bonds issued by governmental units as defined in La.R.S. 13:5121(2) which reads as follows:
"2. `Governmental unit' means the State of Louisiana, municipalities, parishes, parish and municipal school boards and districts, levee boards and districts, housing authorities, bridge authorities, community improvement agencies, redevelopment agencies, all other political subdivisions of the state, units of local government and nonprofit corporations created by or governed by the governing authorities of parishes or municipalities, any special service districts, such as water, sewerage, garbage and lighting districts created by or pursuant to legislative acts and any other districts, boards, authorities, and agencies of the State of Louisiana authorized to issue bonds."
More particularly, the legislative intent of the Bond Validation Law is expressed in La.R.S. 13:5122 which provides that all actions for validating bonds of governmental units shall be brought only under the provisions of that statute. Section 5122 also states that all laws in conflict with the statute are superseded save for certain exceptions which are not germane to the present case. Section 5122, also pertinently states:
"It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels."
Unless Authority falls within the ambit of the Bond Validation Law, it has no right to proceed thereunder and therefore has no right of action to invoke its provisions.
Authority maintains that it qualifies as a governmental unit as defined in La.R.S. 13:5121(2) because it is an agency of the State of Louisiana, authorized to issue bonds. This contention is predicated upon the provisions of La.R.S. 9:2344 which declares that the trustee or trustees of a public trust shall be an agent of the state.
An exception of no right of action is a peremptory exception, La.Code Civ.Pro. Art. 927, and as such may be pled on appeal, La.Code Civ.Pro. Art. 2163. The exception of no right of action filed by defendant Harris must be considered and disposed of in the light of certain well established applicable rules of statutory construction.
The paramount consideration in a case involving statutory interpretation is ascertainment of the legislative intent and reason or reasons which prompted the legislature to enact the law. Courts construe a statute to accomplish the purpose for which it was enacted and to give effect to the legislative will therein expressed. Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336; Johnson v. Sewerage District No. 2 of Parish of Caddo, 239 La. 840, 120 So.2d 262. In determining legislative will and intent, the meaning of a word, clause or sentence in a statute must be decided in the light of the statute as a whole so that the entire law may be construed in harmony with its objects and purposes as therein announced. Danna v. Commissioner of Insurance, La. App., 228 So.2d 708; Washington Parish Police Jury v. Washington Parish Hospital Service District No. 1, La.App., 152 So.2d 362.
*311 In statutory interpretation, broad and comprehensive language not reasonably intended to apply to a particular situation must be restricted within narrower limits than its words import, if the court is satisfied that their literal meaning would extend the effects of the statute to cases or circumstances which the legislature did not intend to include. Bonnette v. Karst, 261 La. 850, 261 So.2d 589, and cases therein cited.
Considering the Bond Validation Law in its entirety we conclude that the legislature intended to include within the term "governmental unit" only the state and such political subdivisions, commissions, authorities, and other similar agencies of the state having authority to issue bonds paid from public revenue sources or secured by the pledge of the full faith and credit of the state or some political subdivision or agency of the state. We so find because the hereinabove quoted language appearing in Section 5122, namely ". . . with due regard for the public fisc . . ." indicates legislative intent to limit the statute's scope to bond issues which are part of the public fisc. Appellants affirmatively allege the proposed bonds will not be payable from the proceeds of a tax or property assessment and that they will not be secured by the pledge of the full faith and credit of the state or any political subdivision thereof. On the contrary, Appellants' motion avers the bonds will be payable solely from funds generated by Appellants, the sources of which are shown by the pleadings to be the activities and financial arrangements of private individuals and a public trust created by these same parties. These private parties and the trust are solely responsible for payment of the bonds in question. No public funds will be employed to retire the bonds, neither will the full faith and credit of any governmental entity be pledged to secure their payment, either directly or indirectly.
Our conclusion is fortified by the nature of the defendant classes which must be included in an action under the Bond Validation Law as required by La.R.S. 13:5123, which provides in part as follows:
". . . In such motion for judgment the taxpayers, property owners and citizens of the issuing governmental units, including nonresidents owning property or subject to taxation therein, and all other persons interested in or affected in any way by the issuance of such bonds shall be made parties defendant."
We can perceive no reason why taxpayers and nonresidents owning property in a governmental unit should be made defendants in an action to validate bonds proposed to be issued by the unit when the property of such nonresidents or taxpayers could not possibly be affected by the bond issue.
It is readily apparent that Authority is not a municipality, parish, school board or district, levee board or district or bridge authority. Neither is Authority a housing authority, community improvement agency, redevelopment agency or other political subdivision of the state, unit of local government or nonprofit corporation, all of which must be created or governed by the governing authority of a parish or municipality to qualify as a governmental unit under the statute. Neither can Authority be considered a special service district created by or pursuant to legislative act.
We find that Authority is not a "governmental unit" within the purview of the Bond Validation Law unless it falls within the final category included therein as:
". . . and any other districts, boards, authorities, and agencies of the State of Louisiana authorized to issue bonds."
Although La.R.S. 9:2344 declares the trustee or trustees of a public trust shall be an agent of the state, we find that close scrutiny of the statute reveals its intent to apply only to agencies, subdivisions and departments of the state requiring approval of the State Bond Commission because of some possible or eventual liability or involvement of the public fisc. In this regard we note that the Supreme Court has held that bonds issued by public trusts do not require prior consent and approval of the *312 State Bond Commission. Bertrand v. Sandoz, 260 La. 239, 255 So.2d 754.
It is also a fundamental rule of statutory construction that the meaning of a word or phrase may be ascertained by the meaning of other words or phrases with which it is associated. Under the doctrine of noscitur a sociis and ejusdem generis, general words such as "other, etc.", following an enumeration of particular or specific classes or things are to take color from the specific, so that the general words are restricted to a sense analogous to the less general. Therefore the general words should be applied only to such classes of things of the same general kind as those specifically enumerated. B. W. S. Corporation v. Evangeline Parish Police Jury, La. App., 293 So.2d 233.
Applying the foregoing rule of statutory construction, we note that all other entities listed in the definition of governmental unit contained in subject statute are either created or governed by the state or a parish or are agencies created pursuant to legislative act. In each of the enumerated categories the governmental unit is one which involves the public fisc in that each is an agency which issues bonds payable from public revenues or taxation, or which pledge the full faith and credit of the state or a political subdivision to further secure payment. We think it reasonable to presume that the legislature intended the concluding category found at the end of the definition of "governmental unit" to refer only to districts, boards, authorities and agencies possessing the same characteristics as those previously enumerated.
We conclude that the exception of no right of action filed herein by defendant Harris, is well taken and must be sustained because Authority does not fall within the classification of parties entitled to proceed under the Bond Validation Law. It follows that Authority's motion must be dismissed, with prejudice.
Since Authority has no right to proceed in the manner chosen herein, the judgment of the trial court declaring Authority a legally created body fulfilling a valid public purpose while performing an authorized and public function of its beneficiary, and declaring East Baton Rouge Parish Ordinance Number 4327, adopted August 14, 1975, constitutional and valid, must be annulled, reversed and set aside, and Appellants' motions, in this regard, dismissed as of non-suit.
It is ordered, adjudged and decreed that the judgment of the trial court dismissing Authority's motion for validation of the bond issue proposed by Authority, be and the same is hereby affirmed and Authority's motion, in this respect, be and the same is hereby dismissed and rejected with prejudice.
It is further ordered, adjudged and decreed that the judgment of the trial court decreeing Authority a legally created body fulfilling a valid public purpose while performing an authorized and public function of its Beneficiary, East Baton Rouge Parish, and also declaring East Baton Rouge Parish Ordinance Number 4327, adopted August 14, 1975, constitutional and valid, be and the same is hereby annulled, reversed and set aside and Authority's motion, in this regard dismissed as of non-suit. All costs of these proceedings to be paid by Authority.
Affirmed in part, reversed in part and rendered.