LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment sustaining an exception of no cause of action urged by defendant (Commission) dismissing Appellant’s tort action against Commission for damages allegedly due to Commission’s negligence in failing to require foreign employers to furnish security for payment of workmen’s compensation benefits to employees pursuant to La.R.S. 23:1181. The trial court rejected Appellant’s contention that the statute imposes on the Commission the duty and responsibility of establishing procedures to insure that foreign employers post security as required by the mentioned statute. We affirm.
It is well settled that an exception of no cause of action must be determined in the light of plaintiff’s petition alone, and that in such a determination only well pleaded allegations of fact shall be considered. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970).
If a petition sets forth a cause of action on any ground whatsoever, an exception of no cause of action filed in opposition thereto must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976).
Appellant’s petition alleges that on November 18,1974, while employed as a painter by Air King Corporation (Air King), an Illinois corporation, he sustained a disabling back injury in an accident which occurred in St. Landry Parish. Air King paid Appellant compensation at the rate of $65.00 weekly from the date of the accident until Air King filed for bankruptcy and notified Appellant that further payment of compensation would be discontinued. Petitioner claims entitlement to compensation at $65.00 weekly for 500 weeks, with interest on past due installments, commencing November 18,1974, and $12,500.00 medical expense, subject to credit for compensation paid through April 1, 1975. A Federal Bankruptcy Court order prohibits Appellant from prosecuting his claim against Air King. Under bankruptcy laws, Air King will be discharged from its obligation to Appellant thereby rendering Appellant’s claim permanently unenforceable. Air King was a self-insurer under Louisiana law because it was not domiciled in Louisiana, owned no immovable property in this state and carried no workmen’s compensation insurance. Under La.R.S. 23:1181, Commission is charged with the statutory duty of requiring all such foreign employers to post an adequate deposit to protect persons employed in this state. Commission is alleged to have negligently failed: (1) to establish a system or procedure whereby it could determine the presence in the state of foreign employers conducting business as self-insurers; (2) to establish a procedure to require foreign self-insurer employers to apply to the Commission for self-insurer status; (3) to require Air King to post adequate security as a self-insurer; and (4) to require Air King to apply for self-insurer status so the Commission could examine Air King for solvency and require said concern to post adequate security for its debts pursuant to La.R.S. 23:1181.
The pertinent statute, La.R.S. 23:1181, reads as follows:
*601 “Every employer, corporate or otherwise, not domiciled in Louisiana, who does not own immovable property within this state assessed at twenty-five thousand dollars, and who shall be liable under this Chapter for the payment of workmen’s compensation to his employees, shall furnish security for the payment of compensation to his employees in one of the-following ways:
(1) By taking out and carrying, with an insurance carrier authorized to engage in the business of writing policies of workmen’s compensation insurance in this state, a policy designed to insure the payment of any claims for compensation hereunder; or
(2) By furnishing satisfactory proof to the Louisiana Insurance Rating Commission of the financial ability to pay such compensation for himself, in which case the Louisiana Insurance Rating Commission shall require a deposit with the State Treasurer of such securities as the Commission may deem necessary. Said securities shall be bonds of the United States Government, or the State of Louisiana or the political subdivisions thereof, or in lieu thereof, the employer may give a bond in favor of the State of Louisiana of a surety company authorized to do business in this state, or a bond in favor of the State of Louisiana, with at least three good and sufficient sureties residents of this state and approved by the Commission. The Louisiana Insurance Rating Commission may deny the application of an employer to pay such compensation for himself under this Section, at any time, for good cause shown. The employer qualifying under this Sub-part shall be known as a self-insurer.”
As contended by Appellant, the provisions of our Workmen’s Compensation Law must be liberally construed to effect its beneficent purpose of aiding injured workmen. Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609 (1963).
We also agree with Appellant’s argument that in the interpretation of laws, courts must seek to ascertain legislative intent and to construe a statute to achieve such intent. Board of Trustees of East Baton Rouge Mortgage Finance Authority v. All Taxpayers, 336 So.2d 306 (La.App. 1st Cir. 1976).
Also pertinent is the rule that laws upon the same subject matter must be construed in conjunction with each other in determining legislative intent. La.C.C. Article 17.
Appellant maintains that the obvious intent of La.R.S. 23:1181 is to protect employees of foreign employers who own no immovable property in this state and who do business in the state as self-insurers as defined therein. In substance Appellant argues that the only way the act can be made effective to accomplish its announced purpose is to require the Commission to police the conduct of business by such employers in this state by establishing procedures to ferret out such employers and require them either to take out the insurance mandated by La.R.S. 23:1811(1) or to furnish satisfactory proof of financial responsibility and demand a deposit of such securities as the Commission shall deem adequate in each instance. According to Appellant, the statute is rendered meaningless if the only duty of the Commission, as argued by the Commission is to require a deposit of those employers who voluntarily report to the Commission as required by the pertinent statute.
We note that the Commission was created pursuant to La.R.S. 22:1401, as last amended by Act 591 of 1972. Prior to the 1972 amendment, Section 1401 provided for a Commission whose duties and responsibilities were defined in Section E, as follows:
“E. The duties and responsibilities of the Commission shall be such as are hereinafter provided in this Part with respect to the regulation of rates and rating organizations.”
The 1972 amendment of Section 1401 deleted Section E, above, and contains Section F which abolished the Fire Insurance Division, the Casualty and Surety Insurance Division and the Marine Insurance Division *602 (all created pursuant to the former statute), and specifically states:
“. . . all of the powers, duties and functions heretofore vested in and exercised by these divisions shall be transferred to and hereafter performed by the Louisiana Insurance Rating Commission.”
La.R.S. 22:1402, both before and since the 1972 amendment of Section 1401, defines the purpose of rate regulation as follows:
“The purpose of this Part is to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate, or unfairly discriminatory, and to authorize and regulate co-operative action among insurers in rate making and in other matters within the scope of this Part. Nothing in this Part is intended (1) to prohibit or discourage reasonable competition, or (2) to prohibit or encourage, except to the extent necessary to accomplish the aforementioned purpose, uniformity in insurance rates, rating systems, rating plans or practices. This Part shall be liberally interpreted to carry into effect the provisions of this Section.”
From the foregoing, we deem it clear that the legislature intended the Commission to function primarily for the purpose of regulating the rates of insurance companies doing business in this state to promote fairness of such rates to both the public and insurance companies, and in general promote and protect the public interest insofar as insurance rates are concerned.
We find no language in the statute to require the Commission to compel compliance by foreign employers doing business in the state with the provisions of a statute which is not concerned with insurance rates. Subject statute does not deal with insurance rates or the regulation of insurance companies. Its sole purpose is to require foreign employers either to carry workmen’s compensation insurance with an insurer authorized to do business in the state, or to post bond, as a self-insurer, with the Commission.
The first paragraph of Section 1181 requires foreign employers, who do not own immovable property in the state assessed at $25,000.00, to furnish security for payment of compensation due employees. ■ The second paragraph states that the required security may be in the form of insurance with an insurer authorized to do business in the state. The final paragraph provides, alternatively, that the security required may be in the form of proof to the Commission of financial ability to pay compensation, in which even the Commission shall require a deposit of such amount as the Commission shall deem necessary.
Section 1181, in our judgment, contains no language which could even remotely indicate legislative intent to require the Commission to establish procedures to determine the presence of every foreign employer doing business in the state. We find no language in the statute requiring the Commission to police its provisions. The only duty imposed on the Commission is to require a deposit when such foreign employer elects compliance with the statute by furnishing satisfactory proof of its ability to pay compensation as an alternative to taking out workmen’s compensation insurance with an insurer authorized to do business in this state.
Had the legislature intended the Commission to serve as a police force in enforcement of the statute, it would have been a simple matter to so state in unmistakable language.
The judgment is affirmed at Appellant’s cost.
Affirmed.