366 So.2d 986 (1978)
Alan AUTHEMENT and Robert Bergeron, Plaintiffs and Appellants,
v.
Major Charles H. DAVIDSON and the City of Houma, Defendants and Appellees.
No. 12372.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
*987 Douglas H. Greenburg, Houma, for plaintiffs and appellants.
John R. Walker, Houma, for defendants and appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This suit, by two officers of the city of Houma police department, seeks a judicial *988 interpretation of Act 413 of 1976,[1] Regular Session, as to the extent of vacation time designated in the Act. The trial judge held the Act granted the policemen of Houma "fourteen calendar days plus one additional calendar day for each year of service after five years, not to exceed a total of 21 calendar days, * * *." Plaintiffs have appealed.
Act 413 began as House Bill 24 introduced by Representative Huntington B. Downer, Jr. After introduction, the mayor and members of the Board of Aldermen expressed opposition to certain provisions of House Bill 24, and a compromise was reached whereby the maximum number of days of vacation was limited to 21. Neither side, however, recalls whether the term days was referred to in their discussions as calendar or working days.
The present controversy arose when the police department desired the application of the statute, and it became apparent that two different interpretations of the word days were being argued.
The members of the police department, supported by Representative Downer, contend that the Act was intended to allow the policemen of Houma vacation time computed on working days, and thus should be judicially interpreted in that manner. The city takes the contrary position that the term days means calendar days.
The trial judge, in his written reasons for judgment, concluded that under the decision of Ethyl Corporation v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir. 1977), writ refused 353 So.2d 1035 (La.1978), he could not consider the testimony of Representative Downer, the sponsor of Act 413, in attempting to determine legislative intent. Thus, relying on New Orleans Firefighters Association Local 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972), he interpreted the term days to mean calendar days.
In appealing, plaintiffs-appellants contend the trial judge erred in (1) failing to consider the testimony of Representative Downer and (2) incorrectly applying New Orleans Firefighters Association, supra.

ERROR NO. 1
In Ethyl Corporation v. Collector of Revenue, supra, the trial judge relied heavily on the testimony of a state legislator and his conclusions and interpretations. In finding the trial judge in error, we said:
"In its constitutional role, it is the function of the judicial branch of government to interpret the construction to be given legislative acts, and it does not lie within the domain of the legislature or legislators to interpret their own acts. The court must perform its function of interpretation without the aid of the legislature or legislators. State v. Sissons, 292 So.2d 523 (La.1974), State Licensing *989 Board for Contractors v. State Civil Service Commission, 240 La. 331, 123 So.2d 76 (1960)." Ethyl, supra, at 1293.
The definition of interpretation as found in Black's Law Dictionary 954 (Rev. 4th Ed. 1968) is "the art or process of discovering and expounding the meaning of a statute, will, contract, or other written document. (Citations omitted)."
It is not one individual legislator who enacts a statute, but the entire legislative branch which acts as a whole. Thus, it is the duty of the court to ascertain the legislative intent, as a whole, in order to construe a statute, to accomplish the purposes for which it was enacted. Guillory v. Louisiana Insurance Rating Commission, 357 So.2d 599 (La.App. 1st Cir. 1978), writ denied 358 So.2d 632 (1978) and Board of Trustees of East Baton Rouge Mortgage Finance Authority v. All Taxpayers, 336 So.2d 306 (La.App. 1st Cir. 1976).
We agree with appellants that the trial court as well as this court can consider all of the factual evidence preceding, surrounding, and following the enactment of a statute. State v. Nicholls, 30 La.Ann. 980 (1878), Anderson v. West, 354 So.2d 636 (La.App. 1st Cir. 1977), writ denied 356 So.2d 1013, 1387 (La.1978) and Gremillion v. Lancaster, 244 So.2d 862 (La.App. 1st Cir. 1971), writ denied 258 La. 573, 247 So.2d 393 (1971).
There is always some reason underlying the enactment of legislation. Presently in Louisiana, legislative committee debates, as well as house and senate debates, are not transcribed, and those records that are kept are very minimal. Thus, any evidence which will reenact the debate on a piece of legislation in at least the house and senate is admissible as an aid to the court.
The intention of a legislator in the enactment of legislation, not expressed to others, though factual, is inadmissible as being irrelevant and of no probative value.
However, that same intent expressed to the appropriate legislative committees and both houses is admissible as an aid to the courts in determining the true legislative intent. Here, it is the expression of both the intent and purpose of the legislation to the legislature that aids the court in its constitutional function of interpretation. It is not the opinion of the witness-legislator as to what the legislature intended that is admissible, but rather the factual evidence considered by the legislature in enacting legislation.
In excluding the deposition of Representative Downer in its entirety, the trial judge fell into error, because along with the opinion testimony, he also excluded the factual. However, considering our discussion under error no. 2 below, we find no reversible error.

ERROR NO. 2
In his deposition, Representative Downer stated that his intention in introducing House Bill 24 was that the term days would mean working days rather than calendar days. However, he candidly admitted that this was never expressed to either the house or senate committees in his presentation of House Bill 24 for committee approval, nor to the house on final passage. The only witness to appear before either the house or senate committee was Representative Downer, and since this legislation was what is termed in legislative circles as "local legislation," Representative Downer was the only legislator to speak on House Bill 24 in the house. Thus, we find an absence of any factual evidence presented to the legislature which would lead this court to believe that the legislature intended the term days to mean working days rather than calendar days. If the legislature intended Act 413 to mean working days rather than calendar days as judicially interpreted in New Orleans Firefighters Association, supra, it could have so provided.
Appellants argue that the case of New Orleans Firefighters Association, supra, relied on by the trial judge is inapposite because the statute interpreted therein was a general statute applying statewide, whereas the statute herein is applicable *990 only to the city of Houma police department. Though the distinction is valid, it is of no moment. New Orleans Firefighters Association, supra, interpreted the word days to mean calendar days, and thus subsequent legislation, absent any expressed intent on the part of the legislature to mean working days rather than calendar days, must be construed and interpreted to mean calendar days.
As to appellants' argument that firemen under La.R.S. 33:1996 receive a greater vacation period than policemen, and thus it is illogical to interpret Act 413 to mean anything other than working days, we find no merit. We need only point out that though it is the function of the courts to interpret legislation, it is not their function to question the wisdom of legislation. Why one group of public employees is granted more vacation time than other groups is a matter properly left to the legislature.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiffs-appellants' costs.
AFFIRMED.
NOTES
[1] Act 413 of 1976, Regular Session, provides:

"AN ACT
"To amend Title 33 of the Louisiana Revised Statutes of 1950 by adding thereto a new Section, to be designated as R.S. 33:2583, relative to employees of the police department of the city of Houma, to provide for annual vacation benefits determined by length of service.
"Notice of intention to introduce this Act has been published as provided by Article III, Section 13 of the Constitution of Louisiana.
"Be it enacted by the Legislature of Louisiana:
"Section 1. Section 2583 of Title 33 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
§ 2583. Annual vacation for police; Houma
Each employee of the police department of the city of Houma shall, after one year of service, be entitled to and given with full pay an annual vacation leave of fourteen days during each calendar year; after five years of service, each such employee shall be entitled to and given with full pay an annual vacation leave of fourteen days plus one additional day for each year of service not to exceed a total of 21 days. Such annual vacation leave shall not be denied to any such employee for any reason whatsoever.
"Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
"Section 3. All laws or parts of laws in conflict herewith are hereby repealed."