ALFORD, Judge.
This is an appeal from a dismissal of a suit for declaratory judgment and for the recovery of monetary compensation in the *1200 form of increased salary increments. Appellants seek to have their rights determined under the Louisiana Educational Employees Professional Improvement Program, LSA R.S. 17:3601, et seq.
Trial was held on April 29, 1980, in the Nineteenth Judicial District Court, Parish of East Baton Rouge. At the beginning of trial, counsel for the defendants made an oral motion to dismiss the suit on the grounds that all proper parties had not been joined and that plaintiffs had misused the declaratory judgment vehicle. The trial judge withheld ruling on the motion, which he properly recognized as a peremptory exception of nonjoinder of indispensable parties. Additionally, an exception of no cause of action was urged against appellant, Cynthia Ann Ours, in that she had not filed a proposed plan under the program.[1] The trial judge overruled this exception.
After hearing the evidence, the judge noted that before deciding the case, he wanted to hear the testimony of Senator John C. Saunders, whose deposition was introduced into evidence. Prior to the case being reassigned to take the senator’s testimony, the judge issued his written reasons for judgment in which he maintained the nonjoinder exception and dismissed appellants’ suit. Judgment was signed on June 15, 1982.
Appellants first urge that the trial court erred in finding that there were indispensable parties to this action which were not joined. It is their contention that they are specifically authorized to pursue this declaratory action in their own right under LSA C.C.P. art. 1872, which provides:
“A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.”
Appellees on the other hand, maintain that the trial court was correct. They rely on LSA C.C.P. art. 1880, which provides in part:
“When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.”
We find that the trial judge erred in his determination that there were indispensable parties to this action which had not been joined. LSA C.C.P. art. 641 provides in part:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.”
In his written reasons for judgment, the trial judge stressed that it was the potentiality of claims,, such as that of appellant Ours, which required a ruling that indispensable parties existed which had not been joined. It was the judge’s conclusion that all teachers not made a party would be affected by a ruling. There is simply no evidence in the record to substantiate this conclusion. The jurisprudence of this state requires that a determination that a party is indispensable be made only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his absence. State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973). This Court is unable to see how a declaration in appellants’ favor could disturb the rights of those teachers whose plans as submitted were approved. Additionally, “... no declaration shall prejudice the rights of persons not parties to the proceedings.” LSA C.C.P. art. 1880.
Having determined that there are no indispensable parties to this litigation which *1201 have not been joined, we need not reach the issue of whether the trial judge erred in dismissing appellants’ suit rather than allowing them an opportunity to amend their petition for proper joinder.
Appellants next urge that the trial court erred in determining that the uncertainty and controversy giving rise to this proceeding would not be terminated by a judgment or decree and in refusing to render a declaratory judgment. LSA C.C.P. art. 1876 provides that, “The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.”
Appellants argue that this is a suit to recover monetary compensation which necessarily involves a finding as to the validity of the questioned rule, and therefore the controversy giving rise to this proceeding can be terminated with a ruling on the Act. They further urge that all controversies surrounding the Act need not be terminated by this lawsuit. We find merit in this argument. The trial judge was concerned with the force and effect of any ruling he might make. He noted that any teacher not joined would have to bring a separate suit to have his or her rights determined. We fail to see how these concerns abrogate appellants’ rights to have their rights determined.
LSA C.C.P. art. 1881 provides, “Articles 1871 through 1883 are declared to be remedial. Their purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered.” With this express legislative intent, this Court is mandated to give application to these provisions wherever possible. We feel that the controversy giving rise to these proceedings, the rights of these three appellants, can be terminated by a ruling on the questioned Act. As will be discussed below, a stipulation was entered into between the parties which establishes the amount of recovery appellants Deshotels and Gilbert would be entitled to if a favorable ruling is rendered.
The next issue presented in this appeal is whether the record is complete, thus allowing this court to render a decision on the merits rather than remand the matter to the trial court. LSA C.C.P. art. 2164 provides in part, “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” The Louisiana Supreme Court in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975) has noted at page 166:
“When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide.”
Appellees argue that the record is not complete in that Senator John Saunders, who sponsored the amendment in question, had not testified due to the fact that the trial judge ruled on the nonjoinder exception before the senator could be called to testify. Appellants, on the other hand, argue that the record is complete and that the ease was fully tried. They note it was the trial judge who requested the live testimony of Senator Saunders, even though the senator’s deposition was introduced in evidence at trial of this matter. We are of the opinion that the record in this matter is complete in that the deposition of the senator is in evidence and that judicial economy requires that we decide this matter rather than remand to the trial court.
Having disposed of the procedural concerns in this matter, we now turn to the merits. At issue is whether the State Professional Improvement Committee has exceeded its statutory authority by establishing guidelines which are more stringent than those contained in the enabling legislation.
The Louisiana Educational Employees Professional Improvement Program, LSA R.S. 17:3601, et seq., was established by *1202 Acts 1980, No. 207, Sec. 1 of the Louisiana Legislature.
The purpose of the program is to:
“... provide a machanism by which professional educational employees in public elementary and secondary schools of this state will have an opportunity for continuing professional growth and improvement in order to enable them to acquire and bring into the classroom innovative ideas, insight, greater competence, and better methods of instruction.” LSA R.S. 17:3601
In order to accomplish this purpose, a state professional improvement committee was created and given certain powers, duties and functions. LSA R.S. 17:3609-3616. The duties pertinent to this case are the following:
(1) Establish and disseminate criteria and guidelines for the implementation and administration of the professional improvement program by the local professional improvement committee.
(2) Fix the number of PIPS (Professional Improvement Points) which must be earned for successful completion of a five-year professional improvement program.
(3) Determine and disseminate the specific types of activities and pursuits for which PIPS can be earned by participants and fix PIPS to be credited for each type of activity and pursuit. To implement and administer the program on the local level within the guidelines established by the state committee, local professional improvement committees were established. LSA R.S. 17:3617.
As an incentive for teachers to participate, the program provides a compensation scheme whereby the state pays each successful participant according to a published salary index in lieu of the minimum salary schedule for teachers. LSA R.S. 17:3621.
LSA R.S. 17:3622, entitled Program components, provides in part: “Each participating teacher shall pursue activities in each of two categories, namely, in-service training and academic pursuits. Guidelines and criteria for acceptable activities shall be fixed by the state committee.” LSA R.S. 17:3624, entitled Program evaluation on the other hand provides in pertinent part:
“Notwithstanding any other provisions to the contrary, any teacher who obtains fifteen hours in his field in a five year period shall be considered as having obtained the reasonable annual quota of self-improvement required by this Chapter. Provided further that it is the intention of the Legislature that three hours per year or fifteen hours over a five year period will be used as a guideline in developing the total points per year required by the state committee.”
Appellants maintain that the state committee exceeded its statutory authority as limited by LSA 17:3624(B) by enacting the rule entitled, Awarding of Professional Improvement Points, which provides in pertinent part:
“Participants in Louisiana educational employees’ professional improvement program must earn a total of 300 points during the five-year plan to complete the program. These participants must earn a minimum of 50 points per year, with 30 points to be earned in the area of academic pursuits and 20 points to be earned in the area of in-service projects.”
Appellees contend on the other hand, that the language of LSA R.S. 17:3624(B) clearly sets forth that the three hours per year or fifteen hours over five years is merely to be used as a guideline.
A stipulation was entered into between the parties prior to trial. It was stipulated that appellant Deshotels proposed a plan of both academic and in-service projects, with participation in in-service projects less than required by the state committee, and that successful completion of the program would entitle appellant to a salary increment of $1,214.00 per year for five years. It was also stipulated that appellant Gilbert proposed a plan in which she would pursue only academic activities, and that successful completion would entitle appellant to a salary increment of $2,482.00 per year for five years. Both plans were turned down by the respective local committees, although it was *1203 stipulated that both teachers successfully completed their plans for the school year 1981-1982.
In interpreting a piece of legislation, “... this court can consider all of the factual evidence preceding, surrounding, and following the enactment of a statute.” Authement v. Davidson, 366 So.2d 986 at 989 (La.App. 1st Cir.1978). In this regards, “It is not the opinion of the witness-legislator as to what the legislature intended that is admissible, but rather the factual evidence considered by the legislature in enacting legislation.” Authement, 366 So.2d at 989.
The factual evidence presented at trial of this matter showing the intent of the Legislature is minimal at best. Senator Cecil Picard, the author of the legislation, testified as to his opinion of the program and recounted certain conversations he had with Senator John Saunders, the author of the amendment which added the disputed language found in Section 3624(B). Senator Saunders on the other hand, in his deposition stated that he addressed the Senate on the amendment and explained to that body that the amendment would allow teachers to rely on the fact that they could take three hours of college credit per year for five years and qualify for the program without participating in any in-service activities. Additionally, there were proffers of testimony as to actions taken after the implementation of the program by the state committee which show that the program is being administered as a two part program.
It is the opinion of this Court that the notwithstanding provision found in Section 3624(B) supersedes all provisions to the contrary, including Section 3622, and thus the State Committee exceeded its authority in enacting requirements more stringent than those found in Section 3624(B). In so finding, we do not intend that those teachers participating in the program should be adversely affected. We merely find that as a minimum, a teacher need only successfully complete three hours of approved college courses per year for five years to qualify for the program. It will be the duty of the Legislature to remove the disputed provision of Section 3624(B) if it so desires.
Given the stipulation entered into between the parties and given our finding that in-service activities are not required for participation in the PIPS Program, we further find that appellant Des-hotels is entitled to receive a salary increment in the amount of $1,214.00 per year and appellant Gilbert is entitled to a salary increment in the amount of $2,482.00 per year.
The State of Louisiana is cast for costs in the amount of $310.08.
REVERSED AND RENDERED.

. Appellant Ours testified that she did not submit a plan for approval because of the conflict existing between the legislation and the rules adopted by the State Committee.