Dear Ms. Guillot:
You have requested the opinion of this office on the following questions regarding the military leave provisions under La.R.S. 42:394:
 (1) Should the fifteen days of military leave granted under La.R.S. 42:394 be measured in "calendar days" or in "working days"?
 (2) Would an eight hour day, ten hour day, twelve hour day, or twenty-four hour day "work shift" require a different interpretation and/or calculation?
La.R.S. 42:394 reads as follows:
 "All officers and employees of the state, or of any parish, city, town, political subdivision, unit, or any state institution thereof, who are members of the Officers' Reserve Corps of the Army of the United States, the National Guard of the United States, the Naval Reserve Corps, the Marine Corps Reserve, the Air Force Reserve, the Citizens Military Training Corps, or the Civil Air Patrol, either as officers or enlisted men, are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they are ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen days in any one calendar year; and when relieved from duty, they are to be restored to the positions held by them when ordered to duty."
As there is no jurisprudence interpreting this statute's use of the word "days", the task of interpreting La.R.S. 42:394 should be accomplished by reference to the rules for interpretation set out in Civil Code Article 9
et. seq.
Article 9 advises that, "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature". Since La.R.S. 42:394 does not expressly state whether it refers to "working days" or to "calendar days", a search for legislative intent may be made beyond the statute's words.
Civil Code Article 10 provides that "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. The apparent intent of the legislature in enacting this law was to encourage service in the National Guard and the various military reserves, by providing employees of the State and political subdivisions with employment security when their service obligations would otherwise interfere with regular employment schedules and opportunities for advancement.
The fifteen day period in La.R.S. 42:394 coincides with the minimum period of time that a Guardsman is required to drill and engage in field maneuvers annually. While certain reserves' training requirements may call for less than fifteen days, this period is obviously intended to encompass the longest minimum time required for any given U.S. Service branch. Clearly the period of time during which field maneuvers and drilling are to be conducted is measured in "calendar days", i.e., midnight to midnight, a twenty-four hour unit of time. This implicit purpose supports the interpretation of "days" in La. R.S 42:394 as twenty-four hour "calendar days."
Civil Code Article 11 provides that when interpreting a law, the words of a statute must be given their "generally prevailing meaning". Without proof of specific legislative intent to the contrary, the most logical conclusion is that La.R.S. 42:394 measures "days" by calendar days, i.e., twenty-four hour time units.
Article 12 provides that "when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole". Looking at La.R.S. 42:391 et. seq. as a whole, the use of the term "leave of absence" for a given length of time, expressed in "days", without contrary expression would, according to generally accepted notions, denote a time period measured in "calendar days" of twenty-four hours each.
At least two appellate courts have interpreted the word "days" in statutes governing vacations for police officers and firefighters to mean "calendar days", not "working days", in the absence of proof of legislative intent to the contrary. In New Orleans Firefighters Association Local 632 v. City of New Orleans, 260 So.2d 779 (La.App. 4th Cir. 1972), affirmed 269 So.2d 194 (La. 1972), the court interpreted La.R.S. 33:1996 and held that, for purposes of annual vacation periods for municipal firemen, "day" means a calendar day and not a work shift. Authement v. Davidson, 366 So.2d 986 (La.App. 1st Cir. 1978) followed the Supreme Court's decision in New Orleans Firefighters and held that, absent any expressed intent on the part of the legislature to mean "working days" rather than "calendar days" in La.R.S. 33:2583, dealing with vacation days for Houma police, "days" is to be construed as meaning "calendar days".
This opinion is not in conflict with the previous opinion from this office on this issue. Op. Atty. Gen. 1948-50, p. 285, enclosed. That opinion focuses on the word "periods" and concludes that the statute "clearly does not contemplate one calendar period of fifteen consecutive days". It further concluded that the leave periods in the statute referred to "absence on working days for which the officer or employee shall suffer no loss of pay". There is no reference in the opinion to "working shifts" and the concern of the opinion is not with such eight, ten, twelve, or twenty-four hour shifts, but rather with "working days" in the sense of days on which the employee would otherwise work and be paid, as distinguished from "nonworking days" such as legal holidays and weekends during which the employee would not normally be working.
Therefore, under the rules of interpretation provided by the Civil Code, La.R.S. 42:394 would be interpreted to measure the military leave of absence in twenty-four hour calendar days.
You further inquire as to how "days" would be interpreted in light of work shifts of various lengths, and whether or not, for example, a "day" for the purposes of La.R.S. 42:394 for an employee who typically works an eight-hour day is different from such a "day" for one who works twelve hour shifts. It seems that there should be no difference in such a "day" since it has been determined that a day for purposes of military leave of absence is a twenty-four hour calendar day. So an employee would be entitled to fifteen calendar days of leave for days on which the employee would otherwise be required to work, regardless of how the actual hours worked are distributed in a given day.
We hope this has answered your inquiry. Please advise if we may be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:266
 MILITARY DEPT. FOR STATE OF LOUISIANA AND EFFECT U.S. MILITARY SERVICE
Military leaves of absence without loss of pay for fifteen days during any one calendar year interpreted to mean fifteen working days.
May 30, 1949.
Honorable R. D. Walden, Merit System Director, 216 Capitol Annex, Baton Rouge, Louisiana.
You request an opinion as to whether a state employee when ordered to duty with troops or for field exercises, or instruction should be entitled to a leave of absence from his duties without loss of pay for a period of fifteen calendar (lays or for a period of fifteen working days.
Section 1 of Act 349 of 1938 (Dart's Statutes 4712) provides:
 "All officers and employees of the State of Louisiana or of any parish, city, town, political subdivision, unit, or any state institution thereof, who shall be members of the officers' reserve corps of the army of the United States, or the national guard of the United States. or the naval reserve corps, or the marine corps reserves, or citizens military training corps, shall be entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they shall be ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen (15) days in one calendar year; and when relieved from duty, they shall be restored to the positions held by them when ordered to duty." (Italics supplied)
This section provides that leaves of absence shall be granted without loss of pay for periods not to exceed fifteen days in one calendar year. It clearly does not contemplate one calendar period of fifteen consecutive day. We construe the periods referred to as absence on working days for which the officer or employee shall suffer no loss of pay.
While Rule XI, Section 11 of the Merit System Rules provides for military leaves of absence with pay not to exceed fifteen calendar days in each one year period, such rule must be subject to and construed in accordance with specific law governing the same subject.
It is, accordingly, our opinion that a military leave of absence should be computed on the basis of fifteen working (lays rather than on a basis of fifteen calendar days.
ADOLPH MENUET, JR.
OPINION NUMBER 01-180
July 12, 2001
64-B MILITARY DEPARTMENT 58 — LABOR — Labor Laws
La.R.S. 29:401-425 Military Services Relief Act (MSRA) 38 U.S.C. § 4301-433-Uniformed Services Employment etc.50 U.S.C App. Section 501 et seq. — Soldiers and sailors Civil Relief Act.
Discusses and analyses state and federal laws pertaining to military service and various rights and privileges of the service member upon return to civilian employment, including retirement, pension and employee benefit plans, retroactive contributions, investigation and judicial enforcement.
Mr. Stephen W. Crawford Legal Assistance Attorney for Commander, 8th Coast Guard District 501 Magazine Street, Room 1311 New Orleans, LA 70130-3396