Dear Mr. Loftin:
You have requested the opinion of this office regarding Act No. 147 of 1991, which enacted Subpart G of Part XI of Chapter 7 of Title 15 of the Revised Statutes, comprised of R.S. 15:1099.1
through 1099.7, relative to juvenile detention centers.
In particular, you have asked this office to examine whether "governing authority", as defined in R.S. 15:1099.2, includes juvenile detention center authorities, or whether the definition is limited to parish governing authorities, such as police juries and parish councils. Since R.S. 15:1099.5
authorizes "governing authorities" to levy a one-mill tax "without voter approval", you are interested in determining whether the Northwest Louisiana Juvenile Detention Center Authority is a "governing authority", in accordance with Act 147, authorized to levy this tax.
R.S. 15:1099.2 states, in pertinent part:
 "As used in this Subpart, . . . `governing authority' means the governing authority of a parish or parishes having a youth center or a juvenile detention center authority."
Please be advised that it is the opinion of this office that "governing authority", as defined in R.S. 15:1099.2 does not include a juvenile detention authority. It is our opinion that `governing authority', as defined above, is limited to police juries, parish councils and equivalent bodies, of parishes which have youth centers or juvenile detention center authorities within the jurisdiction of the parish.
In reaching this determination, we are guided by C.C. Art 12, which provides:
 "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole."
In accordance with this rule of statutory construction, we have examined the entirety of R.S. 15:1099.1 through 15:1099.7.
R.S. 15:1099.2 contains a definition of "parish", however, it does not contain a definition of "juvenile detention center authority". Furthermore, in connection with the definition of "lease-purchase contract", this provision refers to leases of property "to the parish" and acquisitions of property "by the parish".
R.S. 15:1099.3 provides that governing authorities "may assist and provide opportunities . . . to children . . . throughout the parish . . .". R.S. 15:1099.4 provides that "the parish" shall comply with the public bid law in connection with construction, reconstruction, etc. of youth centers, but that "the parish" need not additionally advertise and bid out youth center leases or lease-purchase contracts and that "the parish" is exempt from the provisions of Chapter 10 of Title 41 of the Revised Statutes. R.S. 15:1099.4(3) contains many references to "the parish". R.S 15:1099.5(B) refers to programs and services "within the parish". R.S. 15:1099.6 and 1099.7 are also replete with references to "the parish". These references to `the parish' indicate legislative intent that this tax authorization would only be extended to parish governing authorities, such as police juries, who act for `the parish'.
We are also guided by the fact that the title to Act 147 states, with reference to the tax authorization, ". . . to authorize the levy of up to one mill . . . by a vote of any parish governing authority . . ." (emphasis added). Although the title or preamble of an act forms no part of the law, the title may be considered in determining legislative intent. State ex rel. Thompson v. Department of City Civil Service, 38 So.2d 385 (La. 1949; Legros v. Conner, 212 So.2d 177 (La.App. 3rd Cir. 1968).
We are advised that the author of the bill which became Act 147, intended the bill to authorize juvenile detention center authorities to levy and collect the property tax in question. We are also aware that similar bills introduced by the author in prior years would have provided for such authority. You may wish to contact the author of the bill, and your area's legislative delegation, for legislative clarification.
We caution you, however, that in our opinion, such a tax would be subject to constitutional challenge on the basis that it would not have the approval of the electorate. La. Const. Art. VI, Sec. 32 requires voter approval of taxes levied for the purpose of "acquiring, constructing, improving, maintaining or operating any work of public improvement".
We are aware that La. Const. Art. VI, Sec. 30 provides that the legislature may authorize political subdivisions to exercise the power of taxation, however, that constitutional provision also provides that the exercise of such taxing authority is "subject to limitations elsewhere provided in this constitution". Since the tax in question would be for the purposes of "acquiring, constructing, equipping, operating, maintaining and managing a youth center", or for making lease payments on a youth center, we believe that the Authority would be subject to the provisions of Art. VI, Sec. 32, which requires voter authorization.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 282n
cc: Hon. Donald G. Kelly