212 So.2d 177 (1968)
Placide C. LEGROS et al., Plaintiffs-Appellants,
v.
John L. CONNER et al., Defendants-Appellees.
No. 2352.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
Rehearing Denied July 29, 1968.
*178 Stephen P. Coco, Jennings, for plaintiffs-appellants.
Grenese R. Jackson, Jennings, for defendants-appellees.
Before HOOD, CULPEPPER and LEAR, JJ.
HOOD, Judge.
This is a mandamus proceeding instituted by six employees of the Police Department of the City of Jennings against the members of the Jennings City Council. Plaintiffs demand judgment compelling defendants to pay them overtime compensation, as provided in LSA-R.S. 33:2213, from July 27, 1966, to date or to the time the employment of any of said plaintiffs was terminated.
Judgment was rendered by the trial court sustaining an exception of no cause of action filed by defendants, and plaintiffs have appealed.
The sole issue presented is one of statutory interpretation, i. e., whether the Louisiana legislature, by adopting Act 180 of 1966, intended to grant the benefit of "maximum hours" as well as "minimum wages" to employees of the police departments of municipalities the size of the City of Jennings. The legal question presented is res nova in Louisiana.
Prior to the enactment of Act 180 of 1966 the only statutory provisions in this state regulating the wages and hours of employees of municipal police departments were those contained in Act 101 of 1948, which statute was later incorporated in our Revised Statutes and constituted all of the provisions in Sub-part B of Part III of Title 33 of that codification of our laws. Sub-part B, of that Part and Title of the Louisiana Revised Statutes, is entitled "Minimum Wages and Maximum Hours." Prior to 1966 the statutory provisions contained in that Sub-part consisted of seven sections of the Revised Statutes, designated as R.S. 33:2211-2217.
LSA-R.S. 33:2211 has been given the heading or title of "Applicability; definition of `employee of police department'"; and the pertinent portion of that section reads as follows:
"The provisions of this Sub-part shall apply to municipalities having a population of not less than twelve thousand nor more than two hundred fifty thousand." (Emphasis added.)
LSA-R.S. 33:2212 is entitled "Minimum Salaries; increases," and it provides, in part, that:
"A. Except as otherwise provided by law, the governing body of each municipality having a population of not less than twelve thousand nor more than two hundred fifty thousand shall pay each employee of its police department a salary of not less than the minimum rate of pay established in accordance with the grades, ranks or classes of positions as provided in this Section.
"B. The minimum monthly salary to be paid any full time employee of a police department shall be three hundred dollars, and for officers of the grades listed below shall be as hereinafter set *179 forth:" (The statute then specifies the minimum salary to be paid to each class of employee). (Emphasis added.)
And LSA-R.S. 33:2213, entitled "Maximum Hours," provides:
"The maximum hours of work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade, or class above that of captain, in any municipality affected by this Sub-part, shall be forty-eight hours in any one calendar week, and eight hours in any one day. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale." (Emphasis added.)
The City of Jennings has a population of 11,788. Prior to the effective date of the 1966 act, therefore, and since the population of that city was less than 12,000, none of the above quoted statutory provisions relating to wages and hours of employees of municipal police departments applied to the City of Jennings.
The Louisiana legislature, by adopting Act 180 of 1966, added a new section to Title 33, Part III, Sub-part B, of the revised statutes, this new section being designated as R.S. 33:2212.1. The title and pertinent portions of Act 180 of 1966 read as follows:

AN ACT
"To amend Title 33 of the Louisiana Revised Statutes of 1950 by adding thereto a new Section, to be designated as R.S. 33:2212.1, to establish minimum salaries for employees of police departments in municipalities having a population of not less than seven thousand nor more than twelve thousand persons.
"Be it enacted by the Legislature of Louisiana:
"Section 1. Section 2212.1 of Title 33 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
"§ 2212.1. Minimum salaries; municipalities between seven and twelve thousand population.
"A. Except as otherwise provided by law, the governing body of each municipality having a population of not less than seven thousand nor more than twelve shall pay each employee of its police department a salary of not less than the minimum rate of pay established in accordance with the grades, ranks or classes of positions as provided in this section.
"B. The minimum monthly salary to be paid any full time employee of a police department shall be three hundred dollars, and for officers of the grades listed below shall be as hereinafter set forth:" (The statute then specifies the minimum monthly salary to be paid to each class of employee).
"Section 2. All laws or parts of laws in conflict herewith are hereby repealed."
An examination of these statutes shows that the language used in R.S. 33:2212.1 is identical to that used in R.S. 33:2212, except that the former specifies that it applies to a municipality having a population of from 7,000 to 12,000, whereas Section 2212 applies to a municipality having a population of from 12,000 to 250,000 persons. The minimum monthly salaries specified in Section 2212.1 are the same as those listed in Section 2212.
Plaintiffs acknowledge that they have received the minimum salaries specified in Act 180 of 1966 since July 27, 1966, which was the effective date of that act. They contend, however, that since that date they have been required to work in excess of 48 hours per week and eight hours per day, and that defendants have *180 failed and refused to pay them for their overtime work in accordance with the mandatory provisions of LSA-R.S. 33:2213. They contend that R.S. 33:2213 by its own provisions applies to any municipality affected by Sub-part B, of Part III of Title 33, that a municipality having a population of from 7,000 to 12,000 is now affected by Sub-part B, and that Section 2213 relating to "Maximum Hours" thus applies to the City of Jennings.
Defendants concede that since the effective date of Act 180 of 1966 the City of Jennings has been required to pay the employees of its police department the minimum monthly salaries which are specified in that act, and they point out that these salaries have been paid. They contend, however, that R.S. 33:2213 applies only to cities having a population of from 12,000 to 250,000, that Act 180 of 1966 did not have the effect of extending the provisions of Section 2213 to the smaller communities affected by that act, that this section of the Revised Statutes does not apply to the City of Jennings since it has a population of less than 12,000, and that defendants thus are not obligated to pay plaintiffs the overtime compensation which they claim.
The trial judge concluded that Act 180 of 1966 did not have the effect of extending the provisions of LSA-R.S. 33:2213 to municipalities having a population of from 7,000 to 12,000 persons. He held that the sole purpose of the 1966 act was to provide "minimum wages" for employees of police departments in the smaller cities, and that it did not have the effect of extending the provisions of LSA-R.S. 33:2213, relating to "maximum hours," to employees of police departments in cities of that size. For that reason the trial court sustained the exception of no cause of action which was filed by defendants.
In interpreting a statute the function of a court is to give it the connotation and meaning the lawmaker obviously intended. There is a presumption that every word, sentence or provision in the act was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the legislature inserted idle, meaningless or superfluous language in the act or that it intended for any part or provision of the statute to be meaningless, redundant or useless. Jarrell v. Gordy, 162 So.2d 577 (La.App.3d Cir. 1964).
The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in enacting it. Gautreau v. Board of Electrical Examiners, 167 So.2d 425 (La.App.1st Cir. 1964); C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 (1961); Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950).
Where it is possible to do so, it is the duty of the courts in the interpretation of statutes to adopt a construction of the statutory provision in question which harmonizes and reconciles it with other statutory provisions. A construction of a statute which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act and will carry out the intention of the legislature. City of New Orleans v. Board of Supervisors, 216 La. 116, 43 So.2d 237 (1949).
The title or preamble of a statute forms no part of the act, and it may be resorted to for purposes of interpretation of the law only in cases of doubt *181 resulting from ambiguity in the body of the law. State v. Boasberg, 124 La. 289, 50 So. 162 (1909); James v. Orange Savings & Loan Association, 195 So.2d 183 (La.App.1st Cir. 1967).
The repeal of a statute by implication is not favored in law. Such a repeal is never presumed and it will be avoided when it is possible to reconcile the allegedly conflicting statutes by fair and reasonable construction, giving effect to each. State ex rel. Hodge v. Grace, 191 La. 15, 184 So. 527 (1938); James v. Orange Savings & Loan Association, supra.
We have considered the provisions of Act 180 of 1966 with these established rules of statutory construction in mind, and we have concluded that the interpretation or construction placed on that statute by the trial judge is correct.
Act 180 of 1966 (now LSA-R.S. 33:2212.1) by its own provisions purports to relate only to minimum salaries for employees of the police departments of smaller cities. There is no provision in the act which suggests that other provisions in Sub-part B relating to maximum hours are to be extended to the smaller cities. If the Legislature had intended for LSA-R.S. 33:2213 to be applied to municipalities having a population of from 7,000 to 12,000, we think a provision to that effect would have been included in the 1966 act.
If the Legislature actually had intended to extend all of the provisions of Subpart B, including LSA-R.S. 33:2213, to municipalities having populations of from 7,000 to 12,000, that purpose could have been accomplished easily and simply by merely changing the words "twelve thousand" to read "seven thousand," in the first paragraph of LSA-R.S. 33:2211. If we should hold now that Act 180 of 1966 was intended to extend all of the provisions of Sub-part B to the smaller cities, then we necessarily must hold that most of the language used in the act was unnecessary and redundant. Under such a construction, the act would consist almost entirely of a repetition of the provisions of the preceding section of the Revised Statutes. On the other hand, if Act 180 of 1966 is viewed as regulating only minimum wages and not maximum hours, then it is apparent the language used in the act was necessary and appropriate to accomplish that purpose. Under our established rules of statutory construction, we are obliged to place the interpretation on the act which will give meaning and purpose to the language used, rather than regard that language as mere surplusage.
LSA-R.S. 33:2211, providing that Subpart B applies only to municipalities having a population of not less than 12,000 and not more than 250,000, has never been expressly repealed. We think the Legislature would have expressly repealed or amended that section of the Revised Statutes if it, in fact, intended that it no longer was to be effective. The interpretation which plaintiffs place on Act 180 of 1966 is such that, if adopted, we would have to hold that that act is inconsistent with the provisions of LSA-R.S. 33:2211, and thus that it impliedly repeals or at least amends that section of the Revised Statutes. The interpretation which the trial judge has placed on the 1966 act is consistent with the provisions of Section 2211, and such an interpretation does not require a holding that the last cited section of the Revised Statutes has been repealed or amended by implication. We think we are bound to construe the act in such a way that it harmonizes and can be reconciled with the other statutory provisions contained in Sub-part B.
Finally, the title to Act 180 of 1966 shows that the purpose of that statute was merely "to establish minimum salaries" for employees of police departments in municipalities having populations of from 7,000 to 12,000 persons. According to the title, it was not the purpose of the *182 statute to regulate maximum hours for such employees. We think it is appropriate to consider the title to this act in view of the questions which have been raised as to the language used in the body of the statute and the language which was used in LSA-R.S. 33:2213.
Our conclusion, as we have already noted, is that the Louisiana Legislature, by enacting Act 180 of 1966, intended only to provide minimum wage benefits to employees of the police departments in the smaller cities, and that it did not intend to extend the provisions of LSA-R.S. 33:2213 to the smaller municipalities. We find no error, therefore, in the conclusions reached by the trial judge.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.