437 So.2d 961 (1983)
Jerry L. TURNER et al., Plaintiffs-Appellants-Appellees,
v.
CITY OF SHREVEPORT et al., Defendants-Appellees.
No. 15561-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Rehearing Denied September 29, 1983.
*962 Avant & Falcon by John L. Avant, Baton Rouge, for plaintiffs-appellants-appellees.
Charles B. Peatross, City Atty. by L. Edwin Greer, George W. Lang, II, Shreveport, for defendants-appellees.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
The central issue presented on this appeal requires an interpretation of that clause of La.R.S. 33:1992 which directs municipalities above a specified population level to grant fire department employees qualified thereunder annual longevity pay increases.
This suit was filed on August 15, 1979 by 373 employees of the Shreveport Fire Department, individually and as a class action, *963 seeking to recover longevity pay allegedly due under the above cited statutory provision. Made defendants were the City of Shreveport ("City"), its mayor and councilmen.
Defendants interposed a variety of defenses, including pleas of prescription and estoppel and an exception of no cause of action based upon the existence of a home rule charter. Further, defendants asserted that the City had in fact complied with the longevity pay requirements of Section 1992.
Evidence presented at the trial revealed that beginning in 1962 the following raises were given to members of the Shreveport Fire Department:

1962  2%
1963  2%
1964  2%
1965  2%
1966  2%
1967  2%
1968  2%
1969  $20 per month
1970  18.7%27.7%
1971  $20 per month
1972  $20 per month
1973  9%13%
1974  $50 per month
1975  $20 per month
1976  $30 per month
1977  4.4% $15 and $30 schedule
1978  modification of schedule 5%
1979  5% new schedule
1980  8%
1981  4% and 2%

In comprehensive written reasons for judgment, the district judge overruled defendants' exception of no cause of action, finding Section 1992 applicable to the City despite its operation under a home rule charter; gave the City credit against the mandated longevity pay increases for any annual increases in the firefighters' salaries, regardless of how designated; ruled that "base pay" for the purpose of calculating longevity increases means actual pay and includes accrued increases; and sustained defendants' plea of one year prescription, barring all claims accruing prior to August 15, 1978. After the City submitted an accounting as required by the district court, a monetary judgment was rendered in favor of plaintiffs.
Plaintiffs appealed the judgment, specifying as error the lower court's "crediting against the obligation of the City with respect to longevity pay all pay increases granted by the City irrespective of the nature thereof."
Defendants answered the appeal, complaining primarily that the district judge incorrectly calculated longevity increases upon an "increasing" rather than a "static" base and, further, should not have included longevity accruing prior to August 15, 1978 to compute back pay due after that date since this would operate as only a partial sustaining of the plea of one year prescription. Defendants also reurged their exception of no cause of action [based on the home rule charter] and the defenses of estoppel, ratification and laches.
We held in the recent case of Ruby v. City of Shreveport, 427 So.2d 1267 (La. App. 2d Cir.1983) that the Louisiana Constitution of 1974 reserved to the State the plenary power to legislate minimum wages for municipal police and firemen, with no exception made for cities governed by home rule charters. Therefore, the district judge correctly overruled defendants' exception of no cause of action. Further discussion thereof is unnecessary.
We proceed to what the parties concede is the primary issue on appealto comply with the longevity pay increase mandated under Section 1992 must the municipality expressly specify and describe as longevity an exact 2% annual salary raise given on the employee's anniversary date?
Before examining the particular statutory provisions in question, it is appropriate to briefly review jurisprudentially established guidelines for statutory construction.
The paramount consideration in a case involving statutory interpretation is ascertainment of the legislative intent and reason or reasons which prompted the legislature to enact the law. Courts construe a statute to accomplish the purpose for which it was enacted and to give effect to the *964 legislative will therein expressed. Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 (1965); Board of Trustees of Finance Authority v. All Taxpayers, 336 So.2d 306 (La.App. 1st Cir. 1976).
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. St. Martin Police Jury v. Iberville Parish Police Jury, 212 La. 886, 33 So.2d 671 (1947); Legros v. Conner, 212 So.2d 177 (La.App.3rd Cir.1968).
Although they constitute no part of the statute under consideration, the title and preamble to an act and the organization, classification and headings of Revised Statutes may provide some aid in construction of a statutory provision, the precise import of which is unclear. Montelepre v. Edwards, 359 So.2d 1311 (La.App. 4th Cir. 1978); Legros v. Conner, supra.
Turning to the statutory provision in question, we note that Chapter 4 of Title 33 of our Revised Statutes deals with Fire and Police Departments; Part II pertains exclusively to Fire Departments; Sub-part B of the latter bears the heading "Minimum Wages and Maximum Hours"; and Section 1992 has the heading "Minimum Salaries".
The legislative history of Section 1992 is enlightening. Act 59 of 1942 [the original enactment] explained in the preamble that it was "to establish and provide for minimum wages for the full time paid members of fire departments in certain incorporated cities, towns and villages in the State of Louisiana ..." The body of the legislation provided that, in certain instances, upon the completion of the first year's active service each fireman would be entitled to a $10 per month salary increase.
Act 196 of 1948 amended the original act to provide a new schedule of minimum salaries.
Act 219 of 1956 amended Section 1992 by establishing a new schedule of minimum salaries for firemen in municipalities having a population of 13,000 or more and added the following clause:
From and after the first day of August, A.D., 1957, each member of the Fire Department who has had three years continuous service shall receive an increase in salary of two percent and shall, thereafter, receive an increase in salary of two percent for each years additional service up to and including twenty years.
A note in the margin opposite this clause described the provision as "additional salary."
Act 132 of 1962 changed the "additional salary" clause of Section 1992 to show the beginning date as the first day of August, 1962 rather than 1957.
As set forth in the preamble, Act 55 of 1968, Extra Session, amended Section 1992 "to provide with respect to minimum wages and longevity pay to firemen." The "additional salary" clause was unchanged except for the addition of the following sentence:
"Both the base pay and accrued longevity shall be used in computing such longevity pay."
Section 1992 has remained unchanged since the 1968 amendment.
Plaintiffs-appellants argue that the effect of the 1968 amendment was to establish in Section 1992, not only a minimum salary schedule for firefighters, but in addition thereto a required longevity pay increase. They further assert that to properly comply with the mandate of this statutory provision, a municipality must expressly designate the annual 2% salary increase as a longevity pay increase. Consistent with this reasoning, they concede that the City complied with the cited statute with regard to the pay of its firefighters from 1962 until 1969. Relied upon as authority for this *965 position is the case of New Orleans Firefighters Association, Local 632 v. City of New Orleans, 286 So.2d 674 (La.App. 4th Cir.1973).
We do not construe the holding of the latter case to be supportive of plaintiffs-appellants' argument. There, as the court succinctly stated, the sole question presented concerned the proper method for computing longevity pay for the firefighters, i.e., is longevity pay to be cumulated? An affirmative answer was given, as clearly required by the 1968 amendment to Section 1992. Defendants here do not dispute this.
After giving due consideration to the legislative history of Section 1992, its place in the organizational structure of our Revised Statutes and the heading thereof, we conclude that the purpose of the entire section [including the "additional salary" or longevity pay clause] is to assure that firefighters in certain municipalities received stipulated minimum salaries. The 1956 amendment directed that there be added to the minimum salary schedule designated annual increases after the first three years of continuous service. Although not so described expressly, the latter were obviously longevity pay increases. This became, in effect, a new, implemented minimum salary schedule for members of fire departments.
Prior to 1968 the firefighters' longevity pay increase was computed on base pay alone. The sole apparent purpose of the 1968 amendment was to mandate the cumulation of longevity pay of prior years in calculating additional longevity pay increases. There is no reason to believe that the legislature intended, by simply adding one sentence to the "additional salary" clause of Section 1992 and by expressly describing the mandated minimum 2% salary increase as "longevity pay" to so drastically alter the statutory scheme as to require an annual longevity pay increase over and above any other pay increase.
In summary, we conclude that Section 1992 in its entirety continues to require certain municipalities to pay firefighters stipulated minimum salaries, which must include longevity increases after three years continuous service. However, our discernment of legislative intent in conjunction with a commonsense approach to the issue dictate the conclusion that, if this mandated increase is paid, regardless of whether described expressly as a "longevity pay increase" or not, the municipality has complied with Section 1992. Consequently, we find that the district judge correctly disposed of this pivotal issue.
We understand from defendants' brief that the pleas of estoppel, ratification and laches are re-urged on appeal primarily as alternative defenses in the event we ruled contrary to the lower court on the question of the City's entitlement to credit against longevity for all pay raises regardless as how characterized. In view of our holding on that point, the necessity of discussing these defenses is pretermitted.
Defendants' complaint that the district judge erred in considering what firemen actually receive as their "base pay" for the purpose of calculating longevity pay increases is without merit. The lower court ruling is clearly supported by the rationale of Williams v. City of West Monroe, 403 So.2d 842 (La.App.2d Cir.1981) in which we held that base pay for firemen included state supplemental pay.
Finally, contrary to defendants' contention, the district judge correctly included longevity accruing prior to August 15, 1978 in computing sums becoming due as back wages subsequent to that date, even though one year prescriptive period barred recovery of back salary due prior to August 15, 1978. As plaintiffs-appellants point out, to follow defendants' reasoning on this point would completely frustrate the legislature's intent to reward firefighters monetarily for their years of service.
For these reasons, we affirm the district court judgment, at appellants' cost.