THIBODEAUX, Judge.
This is a class action suit to determine the interpretation of a statute, LSA-R.S. 33:1992, which governs the minimum monthly salary of firemen in the City of Lafayette. Plaintiffs, eleven firemen employed by the City of Lafayette and having the rank of either engineer or captain, sued the City of Lafayette and claimed the city was determining their salaries incorrectly and contrary to Louisiana law. They demand back pay, interest and attorney’s fees.
After recognizing it as a class action, the trial judge heard the matter and took it under advisement. He concluded that the city was paying the plaintiffs properly under the statute and dismissed plaintiffs’ claims. From the judgment plaintiffs take this devolutive appeal, asserting the trial court erred in:
(1) holding salaries for engineers and captains were properly based on that of an entry level fireman;
(2) finding entry level positions were not “probationary positions;” and, (3)not following jurisprudence requiring a proper increase in salary upon promotion of an individual from either fireman first class or engineer.
For the following reasons, the judgment is affirmed.
FACTS
The facts of this case are mostly undisputed. The dispute lies in the interpretation of LSA-R.S. 33:1992. The statute provides for salary differentials for the different ranks of the city’s firefighters. Specifically, the individuals with the rank of either captain or engineer believed the city was erroneously basing their respective pay differentials on the salary of an entry level fireman.
The majority of facts were stipulated at trial and most of the evidence was filed as joint exhibits. The crucial testimony of Mr. James Walker, the Pay Plan Administrator for the city, was submitted by deposition. After brief witness testimony was offered, the trial judge took the matter under advisement and rejected all of plaintiffs’ claims and dismissed the suit at their costs.
ISSUES
(1) Whether the trial court properly interpreted LSA-R.S. 33:1992 in finding the city complied with the statutory pay differentials.
(2) Whether the issues of equalization of pay within the ranks and proper payment of 2% longevity pay were properly raised by appellants.
LAW
LSA-R.S. 33:1991 defines “firemen” as: [A]ll persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services ...
LSA-R.S. 33:1992 sets the minimum salaries and the applicable differentials as follows:
*1017 (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
The heart of the dispute lies in how the city defines “fireman.” The city has a base salary for an entry level fireman. It is this salary upon which all differentials are calculated. In the city’s nomenclature, adopted by the Lafayette Fire and Police Civil Service Board, the entry level position is “firefighter.” The next level in the fireman hierarchy, as defined by the city, is “firefighter first class.”
Plaintiffs argue that it is the salary of the firefighter first class which should form the benchmark for determining differentials. They claim the position of firefighter is strictly “probationary,” i.e., the individual classified as such must fulfill requirements and a “working test period” before being classified as a permanent employee and obtaining the rank of firefighter first class. Because this position is “probationary,” it is improper to base differentials on the salary of a firefighter because it is not the same as “fireman” as contemplated by LSA-R.S. 33:1992.
The city asserts plaintiffs’ argument lacks any proof to sustain it. It claims there is no law dictating an entry level “firefighter” holds a probationary position that disqualifies him from being considered a “fireman” for purposes of the statute. The city claims “firefighter” is the basic entry position and “firefighter first class” is a step up. Both require passing a test, but the latter is ranked higher because of more experience and knowledge. They state further that one does not ascend directly to firefighter first class after completing the “probationary period” or work testing period.
Neither side included the definition of “fireman” provided by LSA-R.S. 33:1991 in their arguments. It defines “fireman” as one employed full time to perform firefighting duties. Furthermore, it contemplates a ranking of firemen starting with “apprentice fireman.” The “apprentice fireman” classification is comparable to the city’s “firefighter” classification.
LSA-R.S. 33:1992 mandates minimum salaries, starting with “a fireman.” An individual holding that position obviously receives the lowest pay of all the ranks. All the differentials are based on a percentage above that of “a fireman.” It does not require the “fireman” to complete an alleged “probationary period.” When LSA-R.S. 13:1991 and 1992 are read together, what is necessary for an individual to be paid the minimum for a “fireman” is that one be employed full time and perform the requisite duties.
Thus, if the basis for differentials in Lafayette is the salary of the entry level firefighter, and the firefighter is employed full time and performing the requisite duties, then the statutory mandate has been met. The trial judge found the city was basing the differentials properly on the salary of its entry level firefighters. He based his findings on the testimony of Walker. Our review of Walker’s deposition confirms the trial judge’s findings.
Two cases are brought to the attention of the court, Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986), writ denied, 493 So.2d 641 (La.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), and Hemphill v. City of Bogalusa, 417 So.2d 462 (La.App. 1st Cir.1982). Both cases deal with the proper calculation of differentials under the statute. Neither is directly on point; however, both superficially discuss setting salary differentials based on the salary of the highest ranked fireman. The cases state the intent of the statute was not to set the differentials based on the salary of the highest paid fireman. The court in Achord refers to the fact the statute mentions nothing about the highest paid fireman, but simply refers to “a fireman.” While it should be noted the Hemphill court found the salary differentials should be based on the highest ranked firefighter, its findings were based on a contract be *1018 tween the firefighters and the city. The inference drawn from Hemphill is that, absent the contract, the basis for differentials should be what is actually paid the fireman. In this instance, what is actually paid a firefighter.
Louisiana law requires us to give the true meaning to the language of statutes and to read them in a light that avoids absurd consequences. La.C.C. art. 9. The method of calculation by the city provides a consistent basis for determination of salary differentials. We believe that result to be true to the language and, consequently, the intent of the statute. This assignment of error is without merit.
The other issue to consider is whether or not issues regarding equalization of pay within the ranks, and proper payment of longevity pay were raised by plaintiffs in the pleadings and if not, whether such claims are immaterial to the present case. Plaintiffs have provided, in brief, argument regarding payment of individuals subsequent to promotion and improper calculation of longevity pay. The city contends plaintiffs failed to raise these issues in the pleadings and thus any evidence or argument concerning them are immaterial to the disposal of this case. We agree.
Plaintiffs allege nothing in their pleadings pertaining to pay subsequent to promotion or to longevity pay. Neither can the pleadings be considered expanded to include such claims because these particular issues were not argued at trial. Plaintiffs did raise the issues in their post-trial brief to which the city objected. The trial judge, in his Reasons for Judgment, did discuss longevity pay. He found nothing wrong with its computation but, nevertheless, considered it immaterial to the case. He also found the issue of equalization of pay among the ranks immaterial. We find no merit in the claims of plaintiffs on this issue.
CONCLUSION
For the foregoing reasons, we find the trial court did not err in finding the City of Lafayette properly calculates salary differentials based on the salary of an entry level firefighter, as mandated by LSA-R.S. 33:1992. We further find no error in the trial court in ruling that the issues of equalization of pay for firemen of the same rank and the calculation of longevity pay were immaterial to the resolution of the case. Accordingly, we affirm. All costs are charged to appellants.
AFFIRMED.