900 So.2d 277 (2005)
Connie ALAMOND, et al., Plaintiffs-Appellees,
v.
CITY OF SHREVEPORT, Defendant-Appellant.
No. 39,514-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
Tutt, Stroud & Bordelon by A.M. Stroud, III, Shreveport, for Appellant.
Wiener, Weiss & Madison by James R. Madison, Shreveport, for Appellees.
Before WILLIAMS, CARAWAY and MOORE, JJ.
CARAWAY, J.
Fire department minimum wages for personnel of certain municipalities are provided in La. R.S. 33:1992. In this case, the City of Shreveport's fire alarm dispatchers or communications officers challenged the city for its payment of their wages below the statutory minimum. The trial court agreed and granted plaintiffs' summary judgment. Based upon our review and interpretation of the disputed statutory provisions, we affirm the trial court's judgment.

Facts
The plaintiffs in this case are Fireman Communications Officers, 1 ("FCO1s") who seek adjustment to their level of pay against the City of Shreveport ("the City") according to state law. Within the City's fire department pay scheme, three positions which are relevant to this dispute are listed as follows: "Starting Pay," "Firefighter" *278 and "FCO1." FCO1s are fireman communications officers or 911 dispatchers. The record indicates that FCO1s are trained communications officers and apparently graduates of the firemen's academy. Starting Pay employees are firemen trainees who are employed by the City during the 4-1/2-month academy training period required to become certified as Firefighters. The Firefighter category is therefore the first level of employment for the qualified new fireman.
Effective January 1, 2003, the City instituted a new pay schedule for fire department employees. Under the plan, Firefighters received an 18.5% raise ($28,848) while the Starting Pay ($24,348) and FCO1 employees ($30,444) received no increase in salary. Prior to that date, Starting Pay trainees and Firefighters received the same $24,348 annual salary and FCO1's received salaries of $30,444, approximately 25% higher than those employees. Under the new pay scheme, however, FCO1s' salaries remained 25% higher than Starting Pay employees but not Firefighters.
In April of 2001, the FCO1s had received an approximate 25% raise ($30,444) above Firefighters' pay ($24,348). Effective at the time, corresponding legislation occurred due to the efforts of the local firefighter's union amending La. R.S. 33:1992. The amendment made La. R.S. 33:1992 A(9) applicable to Shreveport FCO1s and required that FCO1s receive monthly minimum salaries of not less than twenty-five percent above that of a fireman.[1]
On January 21, 2003, one of the plaintiffs, Bruce Willis, wrote to the Mayor of Shreveport complaining that the January 1, 2003 pay plan violated the provisions of La. R.S. 33:1992 A(9) because the FCO1s were no longer being paid 25% above Firefighters but rather 25% above Starting Pay employees who were not Firefighters. The Mayor responded to Willis informing him that the 2001 FCO1 raises were and remained based upon the starting salary of a firefighter, although not those who had who had graduated from the academy. When the increase in FCO1 salaries was not forthcoming, fifteen FCO1s[2] instituted suit against the City on November 25, 2003, seeking a declaratory judgment and entitlement to an annual salary of $36,060 (25% above the $28,848 salary of a Firefighter) effective January 1, 2003.
On March 16, 2004, the plaintiffs sought a summary judgment. In support of the motion, the plaintiffs attached the deposition of Shreveport Fire Chief, Kelvin Cochran, and a copy of the 2003 pay schedule. In his deposition, Chief Cochran explained that new firefighter recruits are required to go through 4-1/2 months of basic training. During the 4-1/2 months, the recruits are paid and they take academic courses and practical training. When the recruit finishes basic training, he or she takes a Firefighter I or II state certification test. The City of Shreveport Fire Department also administers a final exam. If the recruit does not pass that exam, they are terminated regardless of whether or not they pass the state certification test. Chief Cochran testified that basic trainees rarely engage in actual firefighting, although in some instances they are called out to assist in fires or other emergencies.
*279 The City opposed the motion with an affidavit of Chief Cochran in which he stated that he considered "entry level employees who receive `Starting Pay' to be firefighters as defined under LSA-R.S. 33:1991...." In support of their motion, the City contended that basic trainees were indeed "beginning" firefighters who fell within the meaning of La. R.S. 33:1991's definition and that training was part of being a firefighter.
After considering the briefs and supporting and opposing documentation, the trial court granted plaintiffs' motion for summary judgment finding that no genuine issues of facts existed and that the plaintiffs were entitled to judgment as a matter of law. This appeal by the City ensued.

Discussion
The relevant statutory law necessary for a resolution of this matter is contained in Title 33 of the Louisiana Revised Statutes. Specifically, the provisions of La. R.S. 33:1991 provide:
A. (1) The word "fireman" as used in this Subpart includes all persons employed or engaged full-time by municipalities or municipal fire departments, parishes or parish fire departments, or fire protection districts for firefighting or fire prevention duties and services, as well as employees of nonprofit corporations under contract with a fire protection district or other political subdivision to provide such services, including operators of the fire-alarm system when such members are of the regularly constituted fire department. The word "fireman" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians, or other non-firefighting employees detailed for such special duties, nor does the word "fireman," except as otherwise provided in this Subsection, include employees of privately owned or operated firefighting or fire prevention services.
(2) A fireman shall be known as "apprentice fireman" for his first two years' active service. At the completion of two years' active service he shall be known as "first class fireman."
(3) "Engineer" means any fireman who drives, tillers, or otherwise chauffeurs any fire department apparatus.
B. The next three ranks and grades or classifications shall be:
(1) Lieutenant, where the municipality, parish or fire protection district deems the rank necessary;
(2) Captain;
(3) Assistant chief, battalion chief and district chief.
The provisions of La. R.S. 33:1992 with the 2001 amendment, Paragraph D, provide in pertinent part:
A. The minimum salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month:
(1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.

*280 (4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
(7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
* * *
(11) For the city of Shreveport only, the provisions of R.S. 33:1992(9) shall apply only to present employees of the city of Shreveport Fire Department and shall not be applicable to any person employed by the city of Shreveport fire Department after September 1, 1986.
* * *
D. Notwithstanding any other law to the contrary, Paragraph (A)(9) of this Section, as such Paragraph exists on April 1, 2001, shall apply to the fire department of any incorporated city with a population of not less than two hundred thousand and not more than two hundred twenty-five thousand persons as of the latest federal decennial census.
Appellate review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13.
On appeal, the City argues that the definition of "fireman" as contained in La. R.S. 33:1991 can be read to include a Shreveport Fire Department basic trainee or Starting Pay employee as a "beginning firefighter." The City contends that the deposition testimony of Chief Cochran at the very least raised factual issues regarding the duties of basic trainees and whether they qualify as "fireman" for purposes of La. R.S. 33:1991. Finally, the City relies *281 on the case of Haskin v. City of Lafayette, 613 So.2d 1015 (La.App. 3d Cir.1993) in support of its position.
We initially note that the City's reliance on Haskin, supra, is misplaced. Haskin involved a suit by eleven firemen having the rank of either engineer or captain who alleged that the City of Lafayette was incorrectly determining their salaries based upon that of entry level firemen. Although in Haskin, the rank of entry level fireman was probationary, the position required the passing of a test. The next rank of fireman was listed by the city as "firefighter first class," which appears from the description of the position in the case to be a "first class fireman" as defined in La. R.S. 33:1991(A)(2). Thus, the City of Lafayette's entry level fireman position was just that, the lowest level firefighter position an individual entered after passing the mandatory test. Because the present case involves those individuals in training prior to testing, the cases are distinguishable.
In the present case, the City's January 1, 2003 pay schedule reveals the following levels of pay for the "Starting Pay" trainees and other fire personnel whose salaries are addressed under La. R.S. 33:1992 A:

 Percent of
 Position Salary Firefighter's Pay
 Starting Pay (trainee) $24,348 N/A
 Firefighter $28,848 100%
 Driver (engineer) $31,734 110%
 Captain $36,060 125%
 Vehicle Tech $36,060 125%
 District Chief $40,392 140%
 FOC1 $30,444 106%

Clearly, the salary levels of the driver, captain, vehicle tech and district chief are all paid in relation to the base pay of the Firefighter, precisely in the minimal percentage ranges set forth respectively under Subsections 2, 4, 7 and 5 of La. R.S. 33:1992 A. The salaries for each of these positions before January 1, 2003, were also pegged in direct relation to the Firefighter's prior base pay of $24,348. Therefore, the evidence shows that when the Firefighter received an 18.5% increase in 2003, each of these four positions also received an 18.5% increase so as to maintain their respective salary levels in relation to the salary of the Firefighter. Only the FOC1's salary was set in relation to the Starting Pay trainees wages. By this data, we conclude that the City has made a statutory construction for the salary of FOC1s that is different from the construction given for the other positions covered by the same statute.
Next, the statute speaks in terms of "monthly salary" which suggests regular compensation paid monthly over an extended period of time. Yet, the Starting Pay trainees receive a temporary and contingent compensation for up to only 4-1/2 months. In that period, the Starting Pay personnel must successfully complete the training at the academy and pass the fireman's exam, or their employment ends. This 4-1/2-month arrangement for trainees is monthly compensation in a limited sense and not ongoing and regular compensation as the term salary is generally understood. La. C.C. art. 11.
In focusing on the economic concept of salary as used in the statute and the harmony between the salary levels for the various ranked fire personnel as provided in La. R.S. 33:1992 A, we reject as controlling the City's emphasis on the definition of the term fireman in La. R.S. 33:1991. In this summary judgment setting, we may accept Chief Cochran's testimony that the basic trainees are available for broad firefighting duties. Yet, such fact does not place the trainee in the position of a "full-time" salaried and qualified fireman and the trainee's temporary 4-1/2-month compensation was never intended within the overall statutory context to serve as the base fireman salary by which the annual salaries for a department's personnel *282 are gauged under La. R.S. 33:1992 A. Therefore, we do not find that genuine issues of material fact remain, and as a matter of law, we affirm the trial court's judgment based on the statutory interpretation set forth above. Costs of this appeal are assessed against the City of Shreveport in accordance with La. R.S. 13:5112.
AFFIRMED.
NOTES
[1] Prior to that time, La. 33:1992(11) had exempted Shreveport FCO1s from the provisions of La. R.S. 33:1992 A(9).
[2] The plaintiffs who instituted suit were Connie Alamond, Angela Boyter, Vicki Carter, Tina Chambers, Connie S. Coleman, Lejuana Coleman, Monica A. Graham, John L. Green, Jr., Kathy Hudson, Unique LaCoure, Emily D. Ramsey, Derrick Schafer, Emily C. Simmons, Denise Wheeler, and Bruce Willis.