BROWN, Chief Judge.
 

 | plaintiffs are 35 current and former firefighters who filed this petition against the City of Ruston and its mayor for a declaratory judgment, injunctive relief, and damages grounded in wage and vacation disputes.
 

 The parties and the trial court agreed to a bifurcation of the trial. The declaratory judgment/injunctive relief or liability phase would be tried first. In the initial phase, the trial court heard evidence of the firefighters’ work schedules and the City’s pay policies and made certain initial judgments regarding the application of Louisiana statutory law. These findings were affirmed by this court in
 
 Smith v. City of Ruston,
 
 42,281 (La.App.2d Cir.06/20/07), 960 So.2d 1246. This court noted, however, that the trial court failed to address in the liability phase how to calculate, pursuant to La. R.S. 33:1992(A),
 
 [1]
 
 the differential pay between the beginning firefighters and the plaintiffs who are higher ranking firefighters. The differential is a monthly minimum salary difference for ranks rather than an hourly wage difference. On remand, the trial court held that the differential pay of the plaintiffs was to be determined without “including any additional pay to plaintiffs such as longevity, state supplemental pay, EMT pay, and current year two percent longevity pay.” This judgment was designated as final under La. C.C.P. art. 1915(B). It is from this judgment that the City of Ruston has appealed.
 

 Discussion
 

 The issue is whether the City complied with the minimum salary requirement mandated by La. R.S. 33:1992(A). Subsection (A) of La. R.S. 33:1992 sets forth minimum salaries to be paid to each rank of firefighter. |.¿The statute directs that the higher-ranking employees’ minimum salaries are to be a specified percentage above the minimum monthly salary of a beginning fireman. Specifically, La. R.S. 33:1992(A) provides:
 

 The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month:
 

 (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
 

 
 *46
 
 (2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
 

 (3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.
 

 (4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
 

 (5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
 

 (6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
 

 (7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
 

 (8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
 

 (9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a | ^minimum monthly salary of not less than twenty-five percent above that of a fireman.
 

 (10) A fire inspector shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
 

 (11) For the city of Shreveport only, the provisions of R.S. 33:1992(9) shall apply only to present employees of the city of Shreveport Fire Department and shall not be applicable to any person employed by the city of Shreveport Fire Department after September 1,1986.
 

 (12)The provisions of R.S. 33:1992(A)(9) shall not be applicable to any person employed by the city of Morgan City.
 

 Subsection (B) of La. R.S. 33:1992 also provides for annual longevity increases for those firefighters having served between three and twenty years. This increase is at a rate of two percent each year and is computed on both base and longevity pay.
 

 Beginning firefighters were paid an entry level sum plus $150 a month EMT pay (also called education or ambulance pay) even if they had not obtained the EMT certification. The trial court initially held that the minimum monthly salary of a beginning fireman would be his or her base pay plus the $150 monthly EMT pay. This was the benchmark pay or salary for computation of the differential pay. The higher ranking fireman would get the specified percentage above this salary.
 

 The City argues that the total pay of the higher ranking fireman, which would include state supplemental pay, longevity pay, EMT pay, and accrued longevity pay, should be calculated. If the total pay of these firemen equals or exceeds the percentage difference required by La. R.S. 33:1992(A), then there would be no increase owed.
 

 14Plaintiffs emphasize that the statute addresses
 
 minimum monthly salaries
 
 of firemen, not
 
 maximum salaries.
 
 If the City’s position were to be adopted, a fireman who has worked several years and receives supplemental pay, longevity, etc. and is promoted to driver might receive no increase in pay. The City’s interpretation would entail use of the accrued longevity and supplemental pay as the 10% differential. Plaintiffs emphasize that historically in calculating and paying the differential, the City has used the base pay of a beginning firefighter and has paid such a driver
 
 *47
 
 the 10% differential as set forth in the statute.
 

 Although both parties cited cases in support of their respective positions, as noted by the trial court in its written reasons for judgment, “[ajlthough other cases indirectly address the pay differential issue, there is no specific directive on how the differential should be calculated.”
 
 See Alamond v. City of Shreveport,
 
 39,514 (La.App.2d Cir.04/06/05), 900 So.2d 277 (court affirmed summary judgment against city, finding that differential to be paid to dispatchers was to be paid in relation to the base pay of an entry-level firefighter);
 
 Turner v. City of Shreveport,
 
 437 So.2d 961 (La.App. 2d Cir.1983) (court, citing
 
 Williams, infra,
 
 reaffirmed that base pay for purposes of calculating longevity pay is the actual pay received by a firefighter);
 
 Williams v. City of West Monroe,
 
 403 So.2d 842 (La.App. 2d Cir.1981) (court held that city pay, state pay, and accrued longevity are to be taken into account in calculating longevity pay pursuant to La. R.S. 33:1992(B));
 
 Bailey v. City of Lafayette,
 
 05-29 (La.App. 3d Cir.06/01/05), 904 So.2d 922,
 
 writ denied,
 
 05-1690 (La.01/09/06), 918 So.2d 1054 | s(court found that a city ordinance reducing the base pay of firefighters proportionate to their receipt of state supplemental pay violated La. R.S. 33:1992);
 
 Hayes v. City of Alexandria,
 
 629 So.2d 435 (La.App. 3d Cir.1993) (court held that state supplemental pay for fire and police personnel could not be used as a substitute for a portion of an employee’s base pay);
 
 Haskin v. City of Lafayette,
 
 613 So.2d 1015 (La.App. 3d Cir.1993) (court found that the city complied with statutory pay differentials by basing differentials on the base salary of entry level firemen);
 
 [2]
 

 Achord v. City of Baton Rouge,
 
 489 So.2d 1373 (La.App. 1st Cir.1986),
 
 writ denied,
 
 493 So.2d 641 (La.1986),
 
 cert. denied,
 
 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (court found that dispatchers were entitled to a differential of 25% greater than that of a fireman at a corresponding step level);
 
 Hemphill v. City of Bogalusa,
 
 417 So.2d 462 (La.App. 1st Cir.1982) (court held that firedrivers were entitled to a salary of 15% above that of the minimum salary actually paid to the highest paid firefighter — this case is unique in that it involved interpretation of a labor contract provision).
 

 As noted by this court in
 
 Turner,
 
 437 So.2d at 963-4:
 

 The paramount consideration in a case involving statutory interpretation is ascertainment of the legislative intent and reason or reasons which prompted the legislature to enact the law. Courts construe a statute to accomplish the purpose for which it was enacted and to give effect to the legislative will therein expressed.
 
 Tennessee Gas Transmission Co. v. Violet Trapping Co.,
 
 248 La. 49, 176 So.2d 425 (1965);
 
 Board of Trustees of Finance Authority v. All Taxpayers,
 
 336 So.2d 306 (La.App. 1st Cir.1976). The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same 1 (isubject. The meaning and intent of a statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it.
 
 St. Martin Police Jury v. Iberville Parish Police Jury,
 
 212 La. 886, 33 So.2d 671 (1947);
 
 Legros v. Conner,
 
 212 So.2d 177 (La.App. 3d Cir.1968).
 

 
 *48
 
 Recently, in
 
 Johnson v. Marrero-Estelle Volunteer Fire Company No. 1,
 
 04-2124 (La.04/12/05), 898 So.2d 351, 354, the Louisiana Supreme Court reiterated principles set forth in
 
 New Orleans Firefighters
 
 Ass
 
 ociation v. Civil Service Commission of City of New Orleans,
 
 422 So.2d 402, 412 (La.1982):
 

 The provisions of La. R.S. 33:1991,
 
 et seq.
 
 are “remedial and humanitarian in purpose and must not be interpreted narrowly.” We described the “motive and purpose” behind these laws was “plainly to make effective [the legislature’s] conception of public policy that substandard labor conditions in city, parish and other local fire departments should be eliminated as being injurious to the safety and welfare of the public as well as detrimental to the health, efficiency and morale of firefighters.”
 

 In
 
 Turner, supra
 
 at 965, after an extensive analysis and discussion of the legislative history of La. R.S. 33:1992, this court concluded that the purpose of the entire section, including the “additional salary” or longevity pay clause set forth in (B), was to assure that firefighters received stipulated minimum salaries. The establishment of minimum wage standards, working conditions and benefits for firefighters is not left to the discretion of each individual municipality, but is within the plenary power of the legislature under the Louisiana Constitution.
 
 Aguillard,
 
 966 So.2d at 726.
 

 The trial court held, and we agree, that the City’s proposed method of calculation would, in many instances, eliminate or make meaningless the 17differential schedule set forth in La. R.S. 33:1992. As noted by the trial court, “[t]his stepping stone tier of pay was obviously intended by the legislature in the enactment of this statute to reward the fireman who obtained a higher rank.” Therefore, we uphold the trial court’s ruling, finding that additional pay (EMT pay, state supplemental pay, longevity, and accrued longevity pay) is not relevant to the calculation of the minimum monthly salaries of the different ranks of firefighter as set forth in La. R.S. 33:1992(A), which is to be based upon the actual minimum monthly salary (or starting base pay) of a fireman.
 

 Conclusion
 

 For the reasons set forth above, the trial court’s judgment is AFFIRMED. Costs in the amount of $120.50 are to be paid by defendants-appellants, the City of Ruston and Mayor Dan Hollingsworth, in accordance with La. R.S. 13:5112.
 

 [1]
 

 . Not all plaintiffs made wage claims under La. R.S. 33:1992(A).
 

 [2]
 

 . See also Aguillard v. City of Lake Charles,
 
 07-189 (La.App. 3d Cir.09/26/07), 966 So.2d 722,
 
 writ denied,
 
 07-2107 (La.03/07/08), 977 So.2d 907.