BROWN, Chief Judge.
__jjLa. R.S. 33:1992 sets forth the minimum salaries to be paid to each rank of firefighters. The higher ranking firefighters’ salaries are calculated as a specified percentage above the minimum monthly salary of an entry level fireman, the lowest designated firefighter. An engineer receives a minimum monthly salary of not less than 10% above that of a fireman, while an assistant or deputy chief not less than 50%.[1]
On March 1, 2010, plaintiffs, current and former firefighters with the City of West Monroe, filed the instant action against the City alleging that the City had failed to comply with La. R.S. 33:1992. Plaintiffs contended that the starting salary of a first year firefighter is the total of the City’s supplemental pay of $300 per month and the base salary of $1,500. They claimed that the correct figure to be used by the City to calculate the percentage differentials is $1,800; however, the City based its percentage differentials for higher ranking firefighters only upon the first year fireman’s base pay of $1,500 per month. Without the $300 supplement, the first year fireman’s pay would not meet the applicable minimum wage required by the Fair Labor Standards Act, 29 U.S.C. § 206.
In an amending petition filed on April 27, 2010, plaintiffs, who were former employees, sought relief pursuant to the Louisiana Wage Act, La. R.S. 23:631, et seq. Three former employees also sought penalty wages and 12attorney fees pursuant to La. R.S. 23:632. A second amending petition was filed on May 31, 2011, adding eight plaintiffs, removing one, and urging a Louisiana Wage Act claim for three plaintiffs.
On July 21, 2011, plaintiffs filed a motion for partial summary judgment. Plaintiffs sought summary judgment as to their La. R.S. 33:1992 (percentage differentials) and La. R.S. 23:631 (Wage Act) claims.
The City filed an opposition to plaintiffs’ motion for summary judgment as well as a cross-motion for summary judgment which urged dismissal of plaintiffs’ claims. According to the City, La. R.S. 33:2002 A *483 specifically authorizes the City’s pay practice.[2] Plaintiffs’ opposition was filed on September 27, 2011.
On September 29, 2011, a hearing on the summary judgment motions was held. The trial court granted plaintiffs’ motion for partial summary judgment on both claims and awarded attorney fees in the amount of $500 under La. R.S. 23:632. The trial court found that the City “may not base the minimum monthly salary of first year firefighters for purposes of (La. R.S. 33:1992) on an amount that does not meet the (minimum wage law).” Thus, the trial court held that $1,800 rather than $1,500 was the correct amount for lathe starting salary of a first year firefighter and therefore the amount used to calculate the differential pay. Judgment in accordance with these rulings was rendered on October 28, 2011. The judgment was certified as final, and the trial court retained jurisdiction of the damages portion of this action.
Both parties have appealed from the trial court’s summary judgment rulings. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

Discussion

The appellate court reviews a summary judgment ruling de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Mobil Oil Exploration and Producing Southeast, Inc. v. Latham Exploration Co., Inc., 44,996 (La.App.2d Cir.02/03/10), 31 So.3d 1149; Critton v. State, Dept. of Transportation and Development, 43,328 (La.App.2d Cir.06/04/08), 986 So.2d 207, writ denied, 08-1493 (La.10/03/08), 992 So.2d 1019; Alamond v. City of Shreveport, 39,514 (La.App.2d Cir.04/06/05), 900 So.2d 277. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
La. R.S. 33:1992 sets forth required minimum monthly salaries for firemen, and a percentage increase for each promotion in rank. Local No. 1442, Professional Firefighter’s Association v. Crowley, 08-1392 (La.05/05/09), 9 So.3d 792.
|/The issue is whether the City complied with the minimum salary requirement mandated by La. R.S. 33:1992(A). Subsection (A) of La. R.S. 33:1992 sets forth minimum salaries to be paid to each rank of firefighter. The statute directs that the higher-ranking employees’ minimum salaries are to be a specified percentage above the minimum monthly salary of a beginning fireman. The particular question in the case sub judice is the determination of the monthly salary of an entry level fireman. More specifically, the issue is whether the City’s supplemental pay of $300 per month which is paid to the first *484 year firefighters is considered to be part of the minimum monthly salary of those first year firefighters. The City currently calculates the percentage wage differentials paid to the higher ranking firefighters based upon $1,500 per month which does not include the supplemental pay of $300 per month.
Defendant relies upon this court’s decisions in Smith v. City of Ruston, 42,281 (La.App.2d Cir.06/20/07), 960 So.2d 1246 (Smith I); and Smith v. City of Ruston, 44,018 (La.App.2d Cir.03/04/09), 7 So.3d 44, writ denied, 09-0773 (La.05/22/09), 9 So.3d 149 (Smith II), in support of its argument that the trial court erroneously included the $300 supplemental pay in setting the minimum monthly salary of first year firemen for purposes of calculating the wage differentials in La. R.S. 33:1992(A). However, these two cases do not support such a conclusion.
In Smith I, this court did not address the question of the entry level fireman’s monthly salary. “Although indirectly related to the trial court’s Base Pay Ruling, the City (of Ruston’s) initial assignment of error does not | r,question that ruling which determined that the salary of the entry level fireman should be based upon $5.15 per hour and that the City miscalculated such salary. Instead, the City argues that even with a base pay of $5.15 per hour, the plaintiffs as higher ranking firemen and employees are still receiving salaries in accordance with the statutory salary differential schedule.” Id. at 1249. Instead, the Smith I court found that the calculation of the statutory differential pay for higher level firemen was not properly before it, inasmuch as this was a question for the second phase of the litigation.
Nonetheless, we note that in Smith I, at the time the suit was filed, the City of Ruston’s base pay for firemen was $4.53 per hour, which was below the federal minimum wage. Because the federal minimum wage was $5.15, the City of Ruston supplemented the base pay with “education” or “EMT” pay of $150.00 per month. As in this case, the City of Ru-ston used the amount of $4.53 as the base pay amount (and did not include the $150 “EMT” pay) to calculate the higher ranking employees’ salaries; however, in 2004, while the suit was ongoing, the City of Ruston adopted a new pay policy which raised the fireman’s base pay to $5.15 an hour (which met the federal minimum wage law). At that time, the City of Ru-ston began using $5.15 per hour as its base pay amount for beginning firemen.
The issue before this court in Smith II was not the entry level pay of the beginning fireman but the pay of the higher ranking fireman. “The City (of Ruston) argues that the total pay of the higher ranking fireman, which would include state supplemental pay, longevity pay, EMT pay, and accrued | ^longevity pay, should be calculated. If the total pay of these firemen equals or exceeds the percentage difference required by La. R.S. 33:1992(A), then there would be no increase owed.” Id. at 46. The City wanted to offset this extra pay against what the percentage increase would provide. We rejected that method as it in many instances it would eliminate or make meaningless the differential schedule set forth in La. R.S 33:1992.
In this case, the trial court took into account the federal minimum wage and found that:
The wage differentials set forth in La. Rev.Stat. 33:1992 shall be calculated on the actual minimum monthly salary (or starting base pay) of a fireman, including the City supplemental pay. The Court specifically finds that the Defendant City may not base the minimum monthly salary of first year firefighters *485 for purposes of La.Rev.Stat. 38:1992 on an amount that does not meet the applicable minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 206. The Defendant City’s policy of excluding the City supplemental pay from this calculation pursuant to La. Rev.Stat. 33:2002(A)(3)(a)-(e) contravenes La.Rev.Stat. 33:1992.
As noted above, the City of West Monroe pays its first year firemen $1,800 per month for the first 12 months of their employment. Notwithstanding the fact that $1,500 of this is considered by the City to be base pay, this amount, broken down into an hourly rate, does not comply with the federal minimum wage law. Therefore, the City supplements the beginning fireman’s monthly salary by paying the first year firemen a City supplement of $300 per month, which is discontinued at the completion of a fireman’s first year of employment (at which time the state supplement of $500 per month kicks in). As noted by this court in Alamond, supra at 281, the economic concept of “monthly salary” in La. R.S. 33:1992(A) contemplates regular compensation paid monthly over an extended period [ 7of time. In the instant case, the City of West Monroe pays its first year firemen a “monthly salary” of $1,800. The trial court correctly held that it is this amount that is to be used by the City as the amount upon which the percentage differentials to be paid to higher ranking firefighters should be based.
In their answer to the appeal filed by the City, plaintiffs contend that the trial court erred in awarding only “minimal” attorney fees ($500) to the plaintiffs who brought claims under the Louisiana Wage Act, La. R.S. 23:631, et seq.
Unlike statutory penalty wages, the award of reasonable attorney fees under La. R.S. 23:632 is mandatory if a well-founded suit for wages is filed, regardless of equitable defenses that may have been raised. Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978); Dickerson v. Cajun Communications of Texas, Inc., 40,026 (La.App.2d Cir.08/17/05), 910 So.2d 477, writs denied, 05-2267 (La.03/08/06), 925 So.2d 490, 05-2332 (La.03/10/06), 925 So.2d 520; Goulas v. B & B Oilfield Services, Inc., 10-934 (La.App.3d Cir.08/10/11), 69 So.3d 750, writ denied, 11-1951 (La.11/14/11), 75 So.3d 945; Berard v. L-3 Communications Vertex Aerospace, LLC, 09-1202 (La.App. 1st Cir.02/12/10), 35 So.3d 334, unit denied, 10-0715 (La.06/04/10), 38 So.3d 302.
In the instant case, the trial court has found that the Wagé Act plaintiffs are entitled to an award of unpaid wages; the amounts are yet to be determined by the trial court, which retained jurisdiction of this matter to calculate the back pay owed to plaintiffs. Therefore, having filed a welljfoundedg suit under La. R.S. 23:631, these plaintiffs are entitled to reasonable, not “nominal” or “minimal” attorney fees. Carriere, supra; Dickerson, supra; Moore v. Fleming Subway Restaurants, Inc., 28,-543 (La.App.2d Cir.08/21/96), 680 So.2d 78. We therefore reverse the trial court’s award of $500 to these plaintiffs for their attorney fees. On remand, when the trial court calculates the unpaid wages due the Wage Act plaintiffs, it can make a reasonable attorney’s fee award as mandated by La. R.S. 23:632.

Conclusion

For the reasons set forth above, we affirm in part, reverse in part, and remand to the trial court for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.

. La. R.S. 33:1992 provides that a fireman shall receive a minimum monthly salary of four hundred dollars per month; Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman; Lieutenants fifteen' percent; Captains twenty-five percent; Battalion chiefs and district chiefs forty percent; Assistant chiefs and deputy chiefs fifty percent; A mechanic or assistant mechanic, or any other person doing this type of work for the fire department twenty-five percent; A superintendent of fire alarm system, or any other person doing this type of work for the fire department, forty percent; A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, twenty-five percent; A fire inspector twenty-five percent.

. LSA-R.S. 33:2002(3)(a): A municipality ... may enhance the first-year salary of every paid, regularly employed employee in the amount equivalent to the state supplemental pay, or any portion thereof, that the employee shall be entitled to be paid after one year of service pursuant to this Subpart.
(b) Any such municipality ... shall disclose, in writing, at the time the employee is hired that such enhancement shall be paid only during the first year of employment.
(c) Notwithstanding any other provision of law to the contrary, no municipality ... shall be subject to penalty for reducing the salary of any employee whose salary has been enhanced pursuant to this Paragraph for one year by an amount not exceeding the amount of such enhancement. Any such reduction shall not be void as provided in R.S. 33:2218.5.