286 So.2d 674 (1973)
NEW ORLEANS FIREFIGHTERS ASSOCIATION, LOCAL 632, et al.
v.
CITY OF NEW ORLEANS et al.
No. 6033.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rehearing Denied January 8, 1974.
Writ Refused February 15, 1974.
Blake G. Arata, Gerald A. Stewart, Jackson P. McNeely, New Orleans, for defendant-appellant.
Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, C. Paul Barker, Maurice S. Cazaubon, Jr., New Orleans, for plaintiffs-appellees.
Before GULOTTA and STOULIG, JJ., and BAILES, J. pro tem.
GULOTTA, Judge.
The sole question presented in this appeal is the proper method of computing longevity pay for the Firefighters of the City of New Orleans,[1] i. e., is longevity pay to be cumulated? The pertinent statutes relating to this question are Act 132 of 1962 as incorporated in the revised statutes as LSA-R.S. 33:1992, and as amended by Act 55 of 1968.
LSA-R.S. 33:1992 provides:
"From and after the first day of August, A.D., 1962, each member of the Fire Department who has had three years continuous service shall receive an increase in salary of two percent and shall, thereafter, receive an increase in salary of *675 two percent for each year's additional service up to and including twenty years."
The statute was amended by the Act of 1968 and provides:
"From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay."
The City interprets these statutes as follows.
From 1962 until 1968 (the date of the amendment) the longevity pay is a straight two percent of the base pay or salary of the employee. From 1968 to the present, the longevity base for computing longevity pay is arrived at by adding to the base pay the prior year's longevity pay. Two percent of that figure determines that present year's longevity pay. The following chart demonstrates the City's plan assuming a $500.00 per month salary.[2]

Year Base Pay 2% Longevity Pay
1962 $500 $10.00 $ 10.00
1963 500 10.00 10.00
1964 500 10.00 10.00
1965 500 10.00 10.00
1966 500 10.00 10.00
1967 500 10.00 10.00
1968 500 10.00 10.00
1969 500 10.20 10.20
1970 500 10.21 10.21
1971 500 10.21 10.21
1972 500 10.21 10.21
1973 500 10.21 10.21
 _______
 $121.04

The Firefighters, on the other hand, suggest that from 1962 until 1968, the longevity pay for each year is arrived at by taking two percent of the base pay or salary and adding that figure to the prior year's longevity pay. From 1968 to the present time, the prior year's longevity pay is added to the base pay to arrive at a longevity base. Two percent is then taken of the longevity base, and this figure is added to the prior year's longevity pay to arrive at the longevity pay for the present year. The following chart demonstrates the Firefighter's interpretation of the statute and its amendment.

Year Base Pay 2% Longevity Pay
1962 $500 $10.00 $ 10.00
1963 500 10.00 20.00
1964 500 10.00 30.00
1965 500 10.00 40.00
1966 500 10.00 50.00
1967 500 10.00 60.00
1968 500 10.00 70.00
1969 500 11.40 81.40
1970 500 11.63 99.03
1971 500 11.98 111.01
1972 500 12.22 121.23
1973 500 12.46 135.61

Neither litigant disputes that prior to 1968 the longevity base was computed on base pay only, nor do they dispute that the longevity base for years subsequent to 1968 is the base pay plus the prior year's longevity pay. The basic difference between the formulas advanced by the litigants is that the Firefighters cumulate the longevity pay from prior years to the two percent figure of the present year, whereas the City does not.
The trial judge adopted the plan as submitted by the Firefighters. We agree. We believe the clear intent and meaning of the statute is that the longevity pay of prior years is to be cumulated.
It is significant that the only difference in the Act of 1962 as incorporated in the revised statutes and the 1968 amendment is the addition of the following:
"Both the base pay and accrued longevity shall be used in computing such longevity pay."
While at first glance, this additional provision might be the basis for Firefighters' *676 suggestion that the longevity should be cumulated, it is not. This sentence merely provides the method of calculating longevity pay. We do find it significant that the method of computation includes the words "accrued longevity." However, more meaningful, for our interpretation, is the language of the 1962 Act and the amendment which provides that Firefighters
"shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service." (emphasis ours).
The use of the words "increase in salary * * * for each year of additional service" clearly demonstrates that the legislature intended cumulating or adding the past year's longevity pay to the present year's. This wording, when read with the words "accrued longevity" in the last sentence of Act 55 of 1968 is consistent with the view that longevity pay is to be cumulative. If the contrary view, as submitted by the City, were adopted and the employee's salary remained constant, there would be no increase at all in the employee's pay from 1962 through 1968, and only a very slight increase from 1968 to 1969; thereafter, there would be no increase.
The method advanced by the City is also inconsistent with theory of longevity pay, which is a reward to an employee based upon the length of time he has served. Under the City's formula, a Firefighter with 10 or 15 years of service would receive the same longevity pay as one who has served two years (assuming there is no difference in base pay). This cannot be the proper interpretation of the statute. According to our interpretation, the statute as amended anticipates a yearly increase in pay of two percent to be added to the prior year's increase. We are aware that our decision in affirming the judgment of the trial court will undoubtedly result in a financial hardship upon the City. However, it is a legislative function to provide for a method whereby this burden on municipalities is eased. Nevertheless, the wording of the statute clearly provides for cumulation of longevity pay as suggested by Firefighters. Accordingly, the judgment is affirmed.
Affirmed.
JULIAN E. BAILES, Judge pro tem, (concurring).
I concur in the result reached by the majority. I don't know and as far as I can determine the longevity pay benefit may or may not result in a financial hardship on the city. I'm sure it can meet its responsibility under the statute.
NOTES
[1] By way of background, in New Orleans Firefight. Ass'n v. City of New Orleans, 230 So.2d 326 (La.App.4th Cir. 1970) this court held that the district court properly issued a writ of mandamus ordering the City of New Orleans to implement the provision of Act 132 of 1962 and Act 55 of 1968 as they are incorporated in LSA-R.S. 33:1992 so as to provide longevity pay. The Supreme Court denied writs as to that appeal (see 255 La. 557, 232 So.2d 78). There has been other litigation in this matter; however, it is not relevant to this appeal.
[2] We recognize that base pay does change and has increased from year to year; however, we use the constant pay example for ease of computation only.