# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-755

**LAFAYETTE PROFESSION FIREFIGHTERS ASSOCIATION AND ITS PRESIDENT DONALD J. CHAUVIN**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20050585
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### J. DAVID PAINTER

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

**Greg Guidry**
**Onebane Law Firm**
**P.O. Drawer 3507**
**Lafayette, LA 70502**
**Counsel for Defendant-Appellant:**
    **Lafayette City-Parish Consolidated Government**

**Louis L. Robein, Jr.**
**Robein, Urann & Lurye, P.L.C.**
**P.O. Box 6768**
**Metairie, LA 70009**
**Counsel for Plaintiff-Appellee:**
    **Lafayette Professional Firefighters**

PAINTER, Judge.

The Lafayette City-Parish Consolidated Government (LCPCG) appeals the ruling of the trial court that it reduce firefighter pay by implementing a "trigger clause" included in a 2003 ordinance providing for firefighter pay.

FACTS

In November 2002, a tax millage was approved by the voters of Lafayette Parish which supported a base pay rate for firefighters of $1833.00 per month. In 2003, individual firefighters and officials of the Lafayette Firefighters Association agreed to take voluntary step-up promotions in exchange for a pay increase above the $1833 base pay.

In a step-up promotion, a firefighter who was scheduled to work would take a temporary increase in rank to cover the absence of a person of that rank. Acceptance of step-up promotions allowed the LCPCG to save money normally expended in overtime pay for a firefighter not scheduled for work to fill in for an absent firefighter.

The Plaintiffs have stipulated that on September 4, 2003, in a budget meeting with the Lafayette City-Parish Council (the Council):

> Jay Castille, an officer of the Plaintiff Union, made a separate presentation to the Council, explaining that the firefighters had agreed to the concept of a "trigger clause" that would revert the starting salary back to the $1,833 starting salary at a point where firefighters refused to accept step-ups. According to Castille, this concept was passed unanimously at meeting of union firefighters, and everyone was "OK" with the trigger clause.

On September 16, 2003, Ordinance 231-2003 was passed providing for a firefighter pay plan for the 2003-2004 fiscal year with a $1950.00 starting salary for firemen, conditioned on acceptance of voluntary step-up promotions. The ordinance

1

included a trigger clause whereby the salary would revert to the base pay, "at any time," if the LCPCG had to pay overtime as the result of refusal to take a step-up promotion. The parties have stipulated that the firefighters accepted step-up promotions during the 2003-2004 fiscal year.

In October 2004, the Council adopted Ordinance 249-2004 which adjusted the pay schedules to provide for a two percent pay increase for firefighters as required by La.R.S. 33:1992(B). The ordinance made no mention of the trigger clause.

The firefighters continued to accept step-up promotions until December 2004 when the Council passed Ordinance 290-2004 which substantially reduced the number of exchange days firefighters could use each year. It is undisputed that after that time, firefighters began refusing step-up promotions and that the LCPCG had to pay overtime for as many as 718 hours as a result of the refusals. On January 16, 2005, the LCPCG implemented the trigger clause of 231-2003 and began paying firefighters based on a starting salary of $1,833.00 per month adjusted for the two percent increase granted in 2004. In February 2005, the Council passed Ordinance 039-2005 in an attempt to ratify the implementation of the revised pay plan pursuant to the trigger clause.

In February 2005, the firefighters filed this suit seeking declaratory judgment affirming their right to receive pay at the higher rate and a mandatory injunction restoring the higher pay rate. The case was submitted to the trial court on stipulations of fact and exhibits. In written reasons for judgment, the trial court found that the 2003 pay ordinance sought to provide a higher base pay to firefighters. As a result, the court rendered judgment declaring that the reduction of base pay pursuant to the trigger clause was a violation of La.R.S. 33:1992(B) and found the LCPCG liable for

2

restoration of pay firefighters employed prior to the enactment of Ordinance 231-2003 to the level each would have received absent the implementation of the trigger clause. The LCPCG appeals.

DISCUSSION

*Base Pay*

LCPCG first argues that the trial court erred in finding that implementation of the trigger clause was in violation of the provisions of La.R.S. 33:1992(B). That statute provides for minimum pay and longevity-based pay increases for firefighters, as follows:

> From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.

The first question which this court must consider is what constitutes base pay. After reviewing the exhibits and the stipulations of fact submitted in this case, we conclude that base pay for firefighters employed by the LCPCG is the $1833.00 funded by the passage of the voter approved tax millage. Although the parties chose to alter their pay scale contractually, the agreement did not alter base pay, rather it allowed the firefighters to receive pay at a rate in excess of that which would have been received using the $1833.00 base. However, the agreement reserved that amount as the base, making it clear that receipt of the excess amount was dependant on the firefighters' complying with the agreement to accept step-up promotions. The Louisiana Supreme Court has explained that the Louisiana Civil Code establishes freedom to contract on all matters not forbidden by law:

3

> LSA-C.C. art. 7 provides that "[p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity." LSA-C.C. art. 1968 pronounces "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." A contract is absolutely null "when it violates a rule of public order, as when the object of a contract is illicit or immoral." LSA-C.C. art. 2030; *see Daigle*, 613 So.2d at 624. "None of these provisions grants judges the prerogative to disregard public policy decisions underlying legislation or to reweigh balances of interests and policy considerations already struck by the legislature." *Id.* Thus, the Civil Code establishes the freedom to contract on all matters not forbidden by law.

*Travelers Ins. Co. v. Joseph*, 95-0200, p. 10 (La. 6/30/95), 656 So.2d 1000, 1004 (alterations in original).

The parties do not cite, and we have not found, any authority to support the conclusion that the law forbids these parties from agreeing to a pay schedule in excess of their ordinary base pay or to agree to forfeit certain rights, in this case the right to refuse step-up promotions, in exchange for being paid a salary in excess of a schedule derived from base pay.

Therefore, we find that the parties exercised their freedom of contract by entering into an agreement containing a resolutory condition. Upon occurrence of the condition in the form of the failure to voluntarily accept step-up promotions, the obligation to pay at the greater rate ended and pay reverted to the base implemented by the vote of the citizens of the parish. La.Civ.Code art. 1767.

*Ordinance 249-2004*

The firefighters assert that Ordinance 249-2004 repealed the previous pay plan and the trigger clause of Ordinance 231-2003 and instituted a higher base pay. That ordinance is as follows:

> WHEREAS, the Lafayette City-Parish Council grants a 2% increase to be effective on the first pay period beginning in November,

4

2004, to affect all positions in the Fire Department so that the pay schedules used to administer pay in that department must be adjusted to provide for this 2%, and said adjusted schedules are attached to this ordinance.

. . . .

SECTION 4: All ordinances or resolutions or parts thereof in conflict herewith are hereby repealed.

Ordinance 249-2004 repeals only those ordinances which are in conflict with it, after reviewing Ordinance 249-2003 we find that it does not conflict with Ordinance 249-2004 since it too provides for longevity increases as required by La.R.S. 33:1992(B). Therefore, the firefighters' assertions lack merit.

*Ordinance 039-2005*

On appeal, the LCPCG asserts that the trial court erred in finding Ordinance Ordinance 039-2005 in violation of La.R.S. 33:1992(B). However, having found that the implementation of the agreement reached between the firefighters and the LCPCG into Ordinance 231-2003 was proper as it did not violate La.R.S. 33:1992 (B) nor did it conflict with Ordinance 249-2004, we need not address the validity of Ordinance 039-2005.

*Two Percent Longevity Calculation*

The firefighters have suggested that the LCPCG is attempting to apply the two-percent longevity pay raise required by La.R.S. 33:1992(B) to the $1833.00 base pay even for the time the firefighters were being paid at a higher rate. While we see no clear evidence that this is the case, we note that the firefighters are entitled to continue to receive two percent of the amount they were actually paid during the years of higher pay and that further longevity raises must be calculated on the amount actually received plus the amounts previously received as longevity pay increases.

5

*New Orleans Firefighters Ass'n, Local 632 v. City of New Orleans*, 286 So.2d 674 (La.App. 4 Cir. 1973), *application denied*, 289 So.2d 161.

CONCLUSION

For these reasons, the judgment of the trial court is reversed. Judgment is rendered in favor of the LCPCG. Costs of this appeal are to be paid by the firefighters.

REVERSED AND RENDERED.